STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. DONALD R. McCORMACK, PLAINTIFF IN ERROR.

Submitted March 20, 1919—Decided July 8, 1919.

1. Upon the trial of an indictment for assault and battery, what was said by the defendant at the time of the assault, or immediately prior thereto, was a part of the *res gestæ* and admissible in evidence.
2. A party who calls a witness may re-examine him to rebut, or explain, or avoid the effect of new matters brought out on cross-examination.
3. While it is error for the prosecutor of the pleas, in his summing up to the jury, to declare his individual opinion or belief that the defendant is guilty, in such a manner that the jury may understand such opinion or belief to be based upon something which the prosecutor knows outside the evidence, yet, when the prosecutor, upon objection thereto, promptly and frankly withdraws such remark and asks that it be disregarded, and the incident is thus closed without any request being made to the court in respect thereof, a reversal is not justified because of such remark.
4. Where the evidence in a criminal case shows that the defendant committed the assault and battery upon a woman because of her refusal to respond to his improper demands for money, a statement by the prosecutor of the pleas in his summing up to the jury that the defendant was a "crook," will not lead to a reversal.
5. When a defendant elects to proceed by way of review only under section 136 of our Criminal Procedure act (*Comp. Stat., p.* 1863), he must specify the causes in the record relied upon for reversal with sufficient precision to apprise the court, and counsel for the state, of the injuries of which he complains, and the court will consider only those so specified.

On writ of error to the Cape May Quarter Sessions Court.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the plaintiff in error, *Clarence L. Goldenberg* and *John R. K. Scott* (of the Philadelphia bar).

For the defendant in error, *Eugene C. Cole,* prosecutor of the pleas, and *James M. E. Hildreth.*

The opinion of the court was delivered by

TRENCHARD, J. This writ of error brings up for review (pursuant to section 136 of our Criminal Procedure act) the judgment upon a conviction of Donald R. McCormack, *alias* John Hogan, *alias* William Hart, for assault and battery upon one Hilda A. Voigt; at Sea Isle City, on September 11th, 1917.

We are of the opinion that none of the causes assigned justify a reversal.

It is first contended that the trial judge erred in permitting the state to examine Hilda A. Voigt, the complaining witness, as follows:

"*Q.* Well, on this occasion of which you speak did he make any demand for money?

"*A.* Yes, sir.

"*Q.* What amount did he demand of you?

"*A.* Five thousand dollars.

"*Q.* And what did you say to him when he demanded?

"*A.* I said I had no more money."

We think that was proper. The record shows that the "occasion" referred to was the time of the assault. What was said by the defendant at the time of the assault, or immediately prior thereto, was a part of the *res gestæ* and admissible in evidence.

It is next contended that the re-examination of the same witness by the state was improper; but we think not in the circumstances.

Counsel for the defendant, on cross-examination, elicited from this witness that some weeks prior to the assault, and while she and the defendant were living as man and wife in Sea Isle City, defendant demanded and obtained from her large sums of money. Defendant's counsel then sought to show that her real motive for having the defendant arrested was that he had not returned to her such moneys, and repeatedly put such questions to her. He also elicited from her that she had obtained some moneys from the defendant. In this situation it was competent for the state on re-examination to inquire "how much money had Mr. McCormack gotten from you prior to demanding the $5,000," and to elicit from her that it amounted to over $30,000, since that tended to rebut and explain and avoid the effect of the new matter brought out on cross-examination.

It is next contended that the judgment should be reversed because the prosecutor of the pleas in his summing up to the jury said: "Would I, District Attorney, having delved in this case for months, urge this prosecution if I did not believe what the prosecutrix said was true?"

We think this was improper. It is always error for the prosecutor of the pleas in his summing up to the jury to declare his individual opinion or belief that the defendant is guilty, in such a manner that the jury may understand such opinion or belief to be based on something which the prosecutor knows outside the evidence. But, in the present case, when the defendant's counsel objected and asked that the remarks be withdrawn, the prosecutor at once said: "I withdraw the remarks and asked that they be disregarded." Nothing more was said upon that topic. Apparently, the incident was thus closed to the satisfaction of all concerned by the prompt and frank withdrawal of the improper remark. At least no request was made to the court in respect thereof. In these circumstances we think that the defendant was not prejudiced and a reversal would not be justified on account thereof. *Hahn* v. *Delaware, Lackawanna and Western Railroad Co.,* 92 N. J. L. 277.

It is next argued that there should be a reversal because the prosecutor of the pleas in his summing up to the jury characterized the defendant as a "crook." We think not. The evidence tended to show that the defendant committed the assault and battery upon the complaining witness because of her refusal to respond to his improper demands for money. In view of this we think the prosecutor was within his privilege in making the statement objected to. *State* v. *Lang,* 75 *N. J. L.* 1; *affirmed, Id.* 502.

The last cause for reversal assigned is that "there were other manifest errors in the record and proceedings in said cause to the manifest wrong and injury of the defendant." But that is not a sufficient specification. When, as here, a defendant elects to proceed by way of review only under section 136 of our Criminal Procedure act (*Comp. Stat., p.* 1863), he must specify the causes in the record relied upon for reversal with sufficient precision to apprise the court, and counsel for the state, of the injuries of which he complains, and the court will consider only those so specified. *State* v. *Herron,* 77 *N. J. L.* 523.

The judgment will be affirmed.