The People of the State of New York, Respondent, *v.* Frank Squires, Appellant.

Court of Special Sessions, City of New York, Appellate Part, First Judicial Department, New York County, November 15, 1929.

*C. E. Sutherland,* for the appellant.

*Joab H. Banton,* for the respondent.

Herbert, J. This appeal is from a conviction in the Fourth District Magistrates' Court, Borough of Manhattan, for disorderly conduct tending to a breach of the peace. The complaint is that the defendant on the 17th day of July, 1929, in an elevated train in said borough, " Did then and there solicit alms by placing leaflets on the laps of passengers in said train at said time to their annoyance." The defendant, a witness in his own behalf, testified that he went through the car and passed out " these pamphlets " to the passengers; that no complaint or objection was made by any of said passengers at the time, and that he was then the holder of a State license to sell goods; in other words, the essential allegations of the complaint are not denied. The appellant claims that he was wrongfully convicted for the reason that the facts complained of and admitted by him do not constitute disorderly conduct tending to a breach of the peace. The complaint was made under sections 1458 and 1459 of the New York City Consolidation Act (Laws of 1882, chap. 410), and if the acts of the defendant come within the

inhibition of either one of these sections we think his conviction was proper. (*People* v. *Mansi*, 129 App. Div. 386; Cobb Inferior Crim. Ct. Act, p. 139.)

Section 1459 provides that if the defendant " has been guilty of any such disorderly conduct as in the opinion of such magistrate tends to a breach of the peace, the said magistrate may cause the person so complained of to be brought before him to answer the said charge."

The sole question presented on this appeal is whether the opinion of the magistrate was a " sound " one. (Cobb, *supra*.) " The discretion confided to a magistrate cannot be without limits. The act complained of must at least be one which reasonably does tend to a breach of the peace." (*People* v. *Nixon*, 248 N. Y. 182.)

That the learned magistrate believed that the acts of the defendant violated either one of the sections is apparent from the conviction of the defendant, and we think that he was justified in coming to that conclusion. The Legislature defined as disorderly conduct any act whereby a breach of the peace may be occasioned which annoys, disturbs, interferes with, obstructs or may be offensive to others. (Penal Law, § 722, subd. 2.)

In order to prove the crime of disorderly conduct tending to a breach of the peace there need be no actual breach of the peace and proof of annoyance need not be established. (Cobb, *supra*, p. 136, and cases cited.) " But even if the defendant did not intend to provoke a breach of the peace, it is sufficient, as we have seen, to bring him within the statute if his behavior was such that by it a breach of the peace *might be occasioned*." (*People* v. *Sinclair*, 86 Misc. 426, at p. 436.)

We believe that the acts of the defendant in placing these pamphlets upon the laps of passengers in an elevated train, without their consent, annoyed and disturbed them, although nothing was said by them at the time, and that the defendant's conduct was disorderly and might have been resented by one or more of such passengers whereby a breach of the peace might have been occasioned.

There is nothing in the record or in defendant's exhibit 2, the so-called pamphlet, to indicate that the defendant, appellant, was acting as the representative of any organization.

Judgment affirmed.

FETHERSTON, P. J., and McINERNEY, J., concur.