THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v. PETER ARATA, Appellant.

(Argued June 5, 1930; reargued January 8, 1931; decided February 10, 1931.)

*Leo H. Klugherz, Alexander I. Rorke, Joseph D. Edelson* and *Samuel Feldman* for appellant. There was no corroboration of the testimony of the accomplices. (*People* v. *O'Farrell,* 175 N. Y. 323; *People* v. *Becker,* 210 N. Y. 274; *People* v. *Patrick,* 182 N. Y. 132; *People*

v. *Dixon*, 231 N. Y. 111; *People* v. *Courtney*, 28 Hun, 589; *People* v. *Josephs*, 128 N. Y. Supp. 257; *People* v. *Parretti*, 234 N. Y. 98.) The motion for a new trial on the ground of newly-discovered evidence should have been granted. (*People* v. *Priori*, 164 N. Y. 456; *People* v. *Shilitano*, 218 N. Y. 161.)

*Thomas C. T. Crain*, District Attorney (*Robert C. Taylor* of counsel), for respondent. There was adequate corroboration of the accomplices. (*People* v. *Dixon*, 231 N. Y. 111; *People* v. *De Martini*, 213 N. Y. 203; *People* v. *Minsky*, 227 N. Y. 94; *People* v. *Carnevalle*, 202 App. Div. 156; 236 N. Y. 534; *Scheinberg* v. *Scheinberg*, 249 N. Y. 272; *Matter of People* [*Norske Lloyd Ins. Co.*], 249 N. Y. 139.) The motion for a new trial was properly denied. (*People* v. *Shilitano*, 218 N. Y. 161; *People* v. *Buchanan*, 145 N. Y. 1; *People* v. *Priori*, 164 N. Y. 459; *People* v. *Koepping*, 178 N. Y. 247; *People* v. *Patrick*, 182 N. Y. 131; *People* v. *Bonifacio*, 190 N. Y. 150; *People* v. *Sprague*, 217 N. Y. 373.)

*Per Curiam.* The conviction in this case rests upon the testimony of two accomplices, corroborated to some extent by other witnesses and by inconsistencies in the defendant's narrative, which was designed to prove an alibi. The corroborating witnesses for the most part are persons of degraded life. Judges confined to the printed record must have a lingering sense of uncertainty when reviewing a conviction proceeding from these tainted sources. Even so, there can be no reversal of the judgment without breaking down the barriers that separate the functions of a jury from those of an appellate court (*People* v. *Taylor*, 138 N. Y. 398; *People* v. *Cohen*, 223 N. Y. 406).

The lingering sense of uncertainty is emphasized in some degree by the testimony adduced for the defendant upon a motion for a new trial. The accomplices were exhibited upon the trial as self-confessed bandits. They are

revealed upon the motion as telling contradictory tales to their prison associates and others, asserting the defendant's innocence out of court while denouncing him upon the stand. One of the accomplices, the witness Woodbury, was examined and cross-examined by the judge in accordance with the intimation of this court that such a course should be pursued (*People* v. *Arata*, 254 N. Y. 565). He reaffirmed the testimony given before the jury. The other accomplice, Rossi, who upon the trial had been called as a witness for the defendant but had ended by giving evidence of guilt, refused to open his mouth when called to testify upon the motion. After a full and patient hearing, the judge who listened to the witnesses arrived at the conclusion that the newly-discovered evidence was insufficient to exact another trial. There was no probability in his judgment that the verdict would be different if the new evidence were heard. We find ourselves unable to say, in opposition to his judgment, that the probability exists (*People* v. *Shilitano*, 218 N. Y. 161).

Contradictions and polluted sources do not avail without more to vitiate the judgment or to induce a belief that the defendant should go free, for the polluted sources were as obvious to the jury as they are to an appellate court and the newly-discovered contradictions are significant chiefly as impeaching the credibility of witnesses who were gravely impeached already by participation in the crime. None the less, the weaknesses thus revealed are circumstances which in the cautious administration of criminal justice the State should deeply ponder before putting into execution the irretrievable penalty of death. Contradictions and polluted sources might conceivably be insufficient to exact a mitigation of the penalty, if they were unaccompanied by anything else. When, however, we add the fact that two accomplices, whose guilt was no less than the defendant's, are serving terms for manslaughter, the plea for one, if not for both, having been

accepted by the People as the reward to be paid for the inculpatory testimony, we think a case exists where the penalty to be suffered by the defendant should be reduced to some measure of equality with the penalty suffered by his partners in the crime. A recommendation to the Governor will be made to that effect.

The judgment of conviction should be affirmed.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.