STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. FRANK REGNA, PLAINTIFF IN ERROR.

Submitted May 15, 1931—Decided November 16, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the plaintiff in error, *Samuel L. Hirschberg*.

For the state, *John Drewen*, prosecutor of the pleas, and *Andrew O. Wittreich*, assistant prosecutor.

The opinion of the court was delivered by

PARKER, J. The plaintiff in error was convicted of the crime of forgery and brings this writ of error. The only points made before us are that the court erred in refusing to direct an acquittal when the state rested; that it erred in refusing to direct an acquittal at the conclusion of the case; and that the verdict is against the weight of evidence. We are of the opinion that none of these points is well taken.

The forgery charged was the writing of the name of one Marzullo on the back of a check for a thousand dollars made to his order by one Venino, whereby the amount of the check was diverted from Marzullo to a company known as the Regna Construction Company, of which the defendant was treasurer. Venino was attorney for a bank which had granted a construction loan to the Regna Construction Company but some contractors of that company were pressing for payment upon an adjustment of the conflicting claims. Venino, who had the fund, in hand, drew his check to the order of Marzullo who was one of these claimants. This was apparently part of the settlement; but, according to the testimony, Marzullo was not present to receive the check when it was ready for delivery, and the defendant Regna, who was present, suggested to Venino that if the latter would intrust the check to him, Regna, he would give it to Marzullo. The testimony further shows that Regna displayed the check to Marzullo and told him that he would give it to him if Marzullo would go ahead with his work on the building. Marzullo did proceed with the work but never got the check, which afterwards turned up in Venino's account with an endorsement of Marzullo's name which was shown to be forged, and with the further endorsement of the Regna Construction Company admittedly placed thereon by the defendant Regna. It was conceded that the money had passed through the account of

the Regna Construction Company and it was afterwards proved that Marzullo had never had the benefit of the check and knew nothing about what had become of it until some time later when it appeared with Venino's returned checks.

At the trial both Marzullo and Regna wrote out Marzullo's name on a piece of paper and these papers were submitted to the jury but they are not reproduced in the case, and we have not seen them. Apart from this, however, the evidence of the delivery of the check to Regna of the forgery of Marzullo's name, of the subsequent endorsement by Regna in the name of his company, and the deposit of that check to the Regna company's account clearly raises a legal inference that Regna was the forger of Marzullo's name which the jury were entitled to weigh as an offset against Regna's somewhat formal denial on the witness stand that he had committed that forgery. There was no plausible explanation of the occurrence but a mere denial. From the very nature of the crime of forgery, it is evident that direct proof of the crime is seldom, if ever, available; and the law established a strong presumption under circumstances such as those existing in the case at bar that the forgery was committed by the defendant. The rule as stated in 3 *Bish.* (*New*) *Cr. Pro.,* § 436, is: "If a genuine writing is traced to the defendant, and shown to have come thence mutilated, the jury may presume he did it, but they are not to be required to by instruction. So one's possession of a forged instrument, and his claiming under it, tends to prove the forgery his." A similar rule is laid down in 12 *R. C. L.* 164, and 26 *C. J.* 961. In *Commonwealth* v. *Talbot, 2 Allen* (*Mass.*) 161 (at *p.* 163), the writer of the opinion says: "The jury were rightfully instructed that the defendant's possession of the forged paper was strong evidence tending to prove that he forged it or caused it to be forged," citing *Rosc. Cr. Ev.* (*2d ed.*) 453.

The court was clearly right in refusing to direct an acquittal at any stage of the case and we see no reason whatever to set aside the verdict of the jury as against the weight of evidence.

The judgment will accordingly be affirmed.