THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
  *v.* LOVELL LANDERS and ADDIE EXUM, Appellants.

120

(Argued March 1, 1934; decided April 17, 1934.)

*Henry Klauber, Louis Baron* and *Francis P. Heffernan* for Lovell Landers, appellant. It was error for the court to permit the jury to view the premises of the garage after the cause was submitted to them and after they had begun their deliberation. (*People* v. *Thorn,* 156 N. Y. 286; *United States* v. *Seufert Co.,* 87 Fed. Rep. 35; *People* v. *Milner,* 122 Cal. 171; *Denver T. & F. W. R. Co.* v. *Ditch Co.,* 11 Col. App. 41; *McGar* v. *Bristol,* 71 Conn. 652; *Chicago, K. & W. R. Co.* v. *Parsons,* 51 Kan. 408; *Menard* v. *R. R. Co.,* 150 Mass. 386; *Chicago, R. I. & P. R. Co.* v. *Farwell,* 59 Neb. 544; *Blincoe* v. *Choctaw, O. & W. R. R. Co.,* 16 Okla. 286; *Seattle & M. R. R. Co.* v. *Roeder,* 30 Wash. 244; *State* v. *McCausland,* 82 W. Va. 525.) The conduct of the jury while viewing the premises of the garage constituted prejudicial and reversible error. (*Forehand* v. *State,* 51 Ark. 553; *Smith* v. *State,* 122 Ga. 156; *Yates* v. *People,* 38 Ill. 531; *Logan* v. *State,* 46 Tex. Crim. Rep. 573; *State* v. *Sanders,* 68 Mo. 202;

*People* v. *Thorn,* 156 N. Y. 286; *People* v. *Gallo,* 149 N. Y. 106; *People* v. *Klein,* 213 App. Div. 66; Code Crim. Proc. §§ 411, 412; *People* v. *Slover,* 232 N. Y. 264; *People* v. *Smith,* 172 N. Y. 210.) It was error to permit the District Attorney to read into the testimony statements written by a witness in letters which were never introduced in evidence. (*Peck* v. *Lake,* 3 Lans. 136; *Tibbets* v. *Sternberg,* 66 Barb. 201; *Greenfield* v. *People,* 85 N. Y. 75; *People* v. *Dorthy,* 156 N. Y. 237.)

*Joseph B. Handy* for Addie Exum, appellant. Without incompetent testimony and testimony admitted against the defendant Landers but not against the defendant Exum " unless connected," and which was not connected nor evidence offered to connect it, nothing remains from which even an inference might be drawn of the defendant Exum's guilt. (Penal Law, § 2; *People* v. *McGuire,* 135 N. Y. 639; *Levering* v. *Commonwealth,* 132 Ky. 666.) The visit of the jury to the garage while it was deliberating on a verdict, and the conduct of the jury on the visit, was prejudicial error and is sufficient to require a reversal. (*Higgins* v. *Los Angeles Gas & Electric Co.,* 115 Pac. Rep. 313; *Wilson* v. *United States,* 116 Fed. Rep. 484; *Forehand* v. *State,* 51 Ark. 553; *Smith* v. *State,* 122 Ga. 156; *Yates* v. *People,* 38 Ill. 531; *Jim* v. *State,* 4 Humph. 289; *Logan* v. *State,* 46 Tex. Crim. Rep. 573; *Consolidated Ice-Mach. Co.* v. *Trenton Hygenic Ice Co.,* 57 Fed. Rep. 898; *Ewers* v. *National Improvement,* 63 Fed. Rep. 562; *People* v. *Conkling,* 111 Cal. 616; *Bowler* v. *Washington,* 62 Me. 302; *People* v. *Klein,* 213 App. Div. 66; *People* v. *Gallo,* 149 N. Y. 106; *People* v. *Thorn,* 156 N. Y. 286; *People* v. *Johnson,* 110 N. Y. 134.)

*Thomas J. Walsh, District Attorney (Farrell M. Kane* and *Joseph A. McKinney* of counsel), for respondent. It was not error for the trial court to permit the jury to view the premises of the garage after the cause was submitted to them and after they had begun their delibera-

tions. (*People* v. *Thorn*, 156 N. Y. 286.) It was not error to permit the District Attorney to read into testimony statements written by a witness in letters which were never introduced in evidence. (*People* v. *Buchanan*, 145 N. Y. 1; *People* v. *Barone*, 161 N. Y. 451.) Statements of defendant Landers made to the witness are admissible against defendant Exum to prove conspiracy. (*People* v. *Storrs*, 207 N. Y. 147; *State* v. *Pratt*, 121 Mo. 566.)

POUND, Ch. J. The People's theory is that the woman defendant, Addie Exum, hired the man defendant, Lovell Landers, to kill her husband, Irving Exum, in order that she might get his insurance money. The fact of the killing of Exum by shooting is established beyond a reasonable doubt. The case against Landers is largely established by the evidence of a highly disreputable young woman, Annie Caruso, of his admissions to her. If what she said is true, her evidence is enough to establish the coldest kind of deliberate murder. She is not uncorroborated but without her evidence we think there could be no conviction. The jury passed on her evidence and we cannot reject it as incredible, even though we may in a proper case consider the credibility of witnesses. (*People* v. *Arata*, 255 N. Y. 374.)

The evidence against the woman is largely circumstantial. She failed to take the stand. No presumption arises against her by reason thereof. (Code Crim. Pro. § 393.) The jury may have found that she collected the insurance money, paid the killer, and sought to cover up the nature of the transaction. Yet she does not become an accessory before the fact (principal) by mere approval of a crime after the event. (*People* v. *Swersky*, 216 N. Y. 471, 476.) We see nothing to connect her with the commission of the crime as a principal. It does not appear that she was a principal as defined by Penal Law (§ 2). The People's brief relies on the statement of Landers to Annie Caruso that he was going to get paid for killing

some woman's husband. This evidence was not received against Mrs. Exum, "unless connected" and it never was connected. Yet the court refused to strike out such evidence as against her. What Landers told Annie Caruso was mere hearsay against Mrs. Exum. This was reversible error. It is highly probable that it was this incompetent evidence that led to the conviction of Mrs. Exum.

Other questions are presented as to both defendants. The court allowed the jury to suspend its deliberations, after the case had been submitted to it, in order to view the premises at Morris' garage. The power of the trial judge to permit this practice is now challenged, although no objection was made at that time.

View of premises, when ordered and how conducted, is governed by Code of Criminal Procedure, section 411. It is argued from the location of this section in the Code in title VII, chapter 1, entitled "The Trial," that a view may be ordered only during the trial, after the jury has been impaneled and that the trial ends when the case is submitted to the jury. The power of the court is not so limited, at least when the parties consent. The trial in common parlance may extend from arraignment to verdict and sentence. (*People ex rel. Steckler* v. *Warden*, 259 N. Y. 430.) The view was not of the place in which the crime charged was to have been committed but of the place in which a material fact occurred. It was for purposes of checking up on part of Annie Caruso's evidence, *i. e.*, whether she could from where she stood see Landers go into the garage, where the gun with which the crime was committed was hidden. Of course the material point was whether he came out of the garage and told Annie that the gun was still there.

The view is not a part of the trial. (*People* v. *Thorn*, 156 N. Y. 286.) It does not appear that the jurors were guilty of any misconduct in viewing the premises, such as talking with outsiders. (*People* v. *Gallo*, 149 N. Y.

106.) They sought to understand the evidence. Discussion among themselves was proper and would not constitute error. (*Snyder* v. *Massachusetts,* 291 U. S. 97.)

During the cross-examination of Annie Caruso letters were shown to her and identified by her as having been written by her. They were not introduced into evidence but were used to direct the attention of the witness as to prior statements which tended to impeach her testimony on the stand. The District Attorney, when he took the witness again, proceeded to ask her whether in these letters she had made other statements which tended to corroborate her direct testimony and to show her relations to Landers. This was improper as against defendant Landers as proving mere declarations on her part. It all bore, however, on the credibility of the witness and her relation to Landers rather than on the guilt of the accused. The error, if any, was not material. (*People* v. *Katz,* 209 N. Y. 311, 339.)

The judgment of conviction of the defendant Lovell Landers should be affirmed.

The judgment of conviction of the defendant Addie Exum should be reversed and a new trial ordered on the ground that the evidence is insufficient to establish the guilt of such defendant as a principal in the commission of the crime charged. (See 264 N. Y. 665.)

CRANE, LEHMAN, O'BRIEN and CROUCH, JJ., concur; HUBBS, J., concurs as to the defendant Landers but dissents as to the defendant Exum and votes to affirm as to such defendant; KELLOGG, J., not sitting.

Judgment accordingly.