33 N.J. Super. 559 (1955)
111 A.2d 279
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CHARLES PISANO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 29, 1954.
Decided January 7, 1955.
*560 Before Judges CLAPP, JAYNE and FRANCIS.
*561 Mr. Donald G. Collester, County Prosecutor of Passaic County, argued the cause for plaintiff-respondent.
Mr. Louis Santorf argued the cause for defendant-appellant.
The opinion of the court was delivered by CLAPP, S.J.A.D.
Defendant was convicted of arson, and appeals.
In his first point on the appeal he charges the trial court with error for having admitted into evidence two exhibits and certain testimony as to a chemical analysis. We shall have to look at these matters separately.
The first of those exhibits is a one-gallon can containing some kerosene, found in the rear yard of the premises involved in the fire. Defendant contends the can is unconnected with either the defendant or the crime.
There was some connection between the can and the defendant. He was in charge of the premises and was there (we may say) frequently, and indeed at times spoke of himself as the owner, although title stood in the names of his wife and mother. To that extent he may be said to have had possession or control of the can. State v. Martinek, 12 N.J. Super. 320, 323 (App. Div. 1951); State v. Orecchio, 27 N.J. Super. 484, 496 (App. Div. 1953), affirmed 16 N.J. 125, 138 (1954). More than that, he admitted to a detective "that he went in the backyard and he took some kerosene and mixed it with" oil for a purpose hereinafter stated. There was no indication of any kerosene in the backyard, other than in this can.
The connection between the can and the crime was more tenuous. There were a number of exhibits in the case, including materials on the second floor of the partially burned building, amply demonstrative of an incendiary design on the part of some one: streamers of cheesecloth running from room to room; also a section of a sofa, two mops and some newspapers  all soaked with a very inflammable mixture of gasoline and oil, which had been taken (according to the State's proofs) from a 55-gallon drum and another exhibit, *562 a 5-gallon drum, located in the building. But there was no kerosene in those materials.
However, there was proof that kerosene from the backyard, mixed with contents of these drums and other oil, was used to oil the floor of the so-called sewing machine room in the building; and further that kerosene acts as a wick for the ignition of a non-combustible material. Whether the oiling of the floor three weeks before the fire could be said to have been a part of any incendiary purpose here, was so undeveloped a theory in this thoroughly litigated case, as to cast much doubt on its validity.
Our cases authorize the admission into evidence of things in an accused's possession or under his control if they reasonably tend (Miller v. Trans Oil Co., 33 N.J. Super. 53, 57 (App. Div. 1954)) to establish preparation or design on his part to commit the crime; and it matters not that in the perpetration of the crime, they were not actually put to use. State v. Rusnak, 108 N.J.L. 84, 89 (E. & A. 1931); State v. Cerciello, 86 N.J.L. 309, 312 (E. & A. 1914), the revolver; State v. Grillo, 11 N.J. 173, 182 (1952); 2 Wigmore, Evidence (3rd ed.), 33. Proof of a design on the part of some one to do an act is some proof that he performed the act. 1 Wigmore, id., 534.
Furthermore, things in his possession or under his control before or after the crime are admissible in evidence if the proof reasonably tends to show that they were used in the commission of the act with which he is charged. His possession or control of them furnishes some indication that he was the doer of the act. 1 Wigmore, id., 600; State v. Regna, 108 N.J.L. 232, 234 (Sup. Ct. 1931); State v. Martinek, 12 N.J. Super. 320, 323 (App. Div. 1951), supra.
There is very little, if anything, in this case reasonably tending to show that use was made of the can either in preparation for the fire or in perpetration of the offense.
But we need not pursue our examination of these and other principles (in general, see 22 C.J.S., Criminal Law, §§ 708-715, pp. 1201-1220); nor consider judicial assertions *563 we have denominated harsh (State v. Manno, 29 N.J. Super. 411, 420 (App. Div. 1954), and cases cited) which might be said to authorize the admission into evidence of articles in a defendant's possession or control, even though unrelated to the alleged crime. For we cannot think that with the other instrumentalities and proofs in the case, all somewhat similarly evidentiary of an incendiary purpose, the admission of the can  which was not a major figure in the case  was so prejudicial a matter as to constitute manifest injury. R.R. 1:5-1(a); State v. Morriggi, 15 N.J. Super. 479, 481 (App. Div. 1951).
The second exhibit dealt with under defendant's first point was a two-gallon can containing some red gasoline. The can was in the trunk of his car at the time of the fire, the car being then parked about a block from the premises involved. Defendant said this can was kept there in case the car ran out of gas. In the evening some 31 hours before the fire, defendant was seen taking square oil cans from the trunk of the car, carrying them toward the building. The cheesecloths and other incendiary materials in the building contained gasoline as well as oil.
The only objection below as to the admission of this can was that it was not found on the premises mentioned. We see no error here warranting a reversal.
The third evidentiary question raised under defendant's first point has to do with an expert's testimony as to an analysis he had made of a mixture of gasoline and oil. The mixture was said to have been taken from defendant's outboard motor located in his garage eight blocks from the premises involved here. The expert testified that this mixture was similar (the oil was "the same thing") to that found in the 55- and 5-gallon drums and on the incendiary materials above mentioned, having all its physical and chemical characteristics. Incidentally he said "you would never use that type of mixture" to oil "a floor."
Defendant seems to urge upon us in part that there was no connecting proof in the State's case, showing that the oil came from the motor boat, where the boat was, who owned it, *564 who took the mixture out of it and how much was taken. But his counsel, at the time he made his objection below, quite inadvertently seems to have led the court into thinking that connecting proof had in fact been put in. Incidentally, defendant himself subsequently supplied most of this proof. We see no prejudicial error in this respect or otherwise.
So much for defendant's first point. His second point is that it was plain error for the assistant prosecutor in his summation to say:
"I do not know how it [the fire] started, but I do know that this defendant did it. You can arrive at the same conclusion if you examine the facts. That is all I ask you to do, ladies and gentlemen. Examine these facts."
Complaint is made of the italicized words, though no objection was taken to them below.
It would have been improper for the assistant prosecutor to assert or insinuate knowledge of a matter not revealed by the evidence, State v. Ferrell, 29 N.J. Super. 183, 186 (App. Div. 1954), or to declare a conviction or belief based upon such a matter. State v. McCormack, 93 N.J.L. 287, 289 (Sup. Ct. 1919), affirmed 94 N.J.L. 262 (E. & A. 1920); note, 54 Col. L. Rev. 946, 955 (1954); 75 A.L.R. 53. But the allusion to "the facts" rather intimates that the facts he knew were those before the jury. At any event we see no plain indication to the contrary.
Was it error, then, for the assistant prosecutor to indicate that he held a personal conviction based on the evidence? There are cases holding this is not improper. People v. Weber, 149 Cal. 325, 86 P. 671, 677 (Sup. Ct. 1906); Adams v. State, 54 Fla. 1, 45 So. 494 (Sup. Ct. 1907); People v. Pargone, 327 Ill. 463, 158 N.E. 716, 719 (Sup. Ct. 1927); Apple v. State, 190 Md. 661, 59 A.2d 509, 511 (Ct. App. 1948); People v. Hess, 85 Mich. 128, 48 N.W. 181 (Sup. Ct. 1891); State v. Gravelle, 117 Vt. 238, 89 A.2d 111 (Sup. Ct. 1952); note, 54 Col. L. Rev., at 955, n. 48. But we need not go into the matter; if there be error, we cannot, in view of these authorities, say it is of so plain and shocking *565 a nature as to call for a reversal in the absence of objection. State v. Ferrell, 29 N.J. Super. 183 (App. Div. 1954), supra; State v. Bogen, 13 N.J. 137, 142 (1953); State v. Vaszorich, 13 N.J. 99, 119 (1953); State v. Picciotti, 12 N.J. 205 (1953); R.R. 1:5-1(a).
We moreover do not need to deal with the situation wherein a prosecuting attorney expresses his personal conviction or belief, but does not indicate whether he bases it upon the evidence or otherwise. United States v. Klein, 187 F.2d 873, 876 (7th Cir. 1951); People v. Kirkes, 39 Cal.2d 719, 249 P.2d 1, 4 (Sup. Ct. 1952); People v. King, 276 Ill. 138, 114 N.E. 601 (Sup. Ct. 1916); Broznack v. State, 109 Ga. 514, 35 S.E. 123 (Sup. Ct. 1900); Balis v. State, 137 Neb. 835, 291 N.W. 477 (Sup. Ct. 1940); State v. Gulbrandsen, 238 Minn. 508, 57 N.W.2d 419 (Sup. Ct. 1953); State v. Thayer, 124 Ohio St. 1, 176 N.E. 656, 75 A.L.R. 48 (Sup. Ct. 1931), and cases cited; People v. McGuire, 89 Mich. 64, 50 N.W. 786 (Sup. Ct. 1891); State v. Cole, 252 S.W. 698 (Mo. Sup. Ct. 1923); Commonwealth v. Ronello, 251 Pa. 329, 96 A. 826 (Sup. Ct. 1916); cf. State v. Walker, 192 Iowa 823, 185 N.W. 619 (Sup. Ct. 1921); cf., too, State v. Orecchio, 16 N.J. 125, 140 (1954).
Our problem must be distinguished, too (see note, 42 J. Crim. L. & Criminology 73, 77, 1951), from the ethical question presented. Cf. Canon 15, Am. Bar Assn. Canons of Professional Ethics; R.R. 1:25; but cf. Curtis, Ethics of Advocacy, 4 Stan. L. Rev. 3, 15 (1951).
Defendant's third point is that the trial court erred in refusing to grant a request by the jury, made nearly 4 1/2 hours after it had retired, to view the premises that were burned. The court said an inspection could not be permitted at that stage of the case.
Defendant argues that this was a matter lying within the discretion of the trial court. State v. King, 133 N.J.L. 480, 483 (Sup. Ct. 1945), affirmed 135 N.J.L. 286 (E. & A. 1947); Braelow v. Klein, 100 N.J.L. 156, 158 (E. & A. 1924); cf. People v. Landers, 264 N.Y. 119, 190 N.E. 204 (Ct. App. 1934); N.J.S. 2A:77-1; note, 124 A.L.R. 841, *566 847. And, he urges, there was an abuse of discretion here. It might be observed that 20 months had passed since the fire, and there was nothing before the court to indicate that the premises were still in the condition in which the fire left them.
It is unnecessary to consider the matter further; no objection was taken below to the court's ruling, and we find no plain error warranting our interference.
The final contention is that the verdict was against the weight of the evidence. It cannot be said that this verdict was clearly and convincingly the result of mistake, partiality, prejudice or passion. R.R. 1:5-1.
Affirmed.