Acquavella, J.
(dissenting). The disputed facts are as substantially stated in the majority opinion. The police officer also testified that defendant was stretched out the full length of his body, and occupied about 5 seats. The determination of the trial court was not contrary to the evidence, nor was it against the weight of the evidence.
To constitute disorderly conduct there need be no actual breach of the peace, nor need there be proof of an intent on the part of the defendant to cause a breach of peace. A conviction under section 722 of the Penal Law is justified if the prohibited acts are committed either with an attempt to evoke a breach of the peace or if they have a tendency to do so. (People v. Sinclair, 86 Misc. 426, 436, affd. without opinion 167 App. Div. 899; People v. Squires, 135 Misc. 214; People v. Robinson, 73 Misc. 343.)
The rule of law is well stated in People v. Sinclair (supra, pp. 436-437) viz: “ But even if the defendant did not intend to provoke a breach of peace, it is sufficient, as we have seen, to bring him within the statute if his behavior was such that by it a breach of peace might be occasioned.”
In People v. Rabey (48 N. Y. S. 2d 937, 939) the court stated: “ It is not necessary to constitute the offense of disorderly conduct that a person specifically intend to provoke a breach of the peace. That is one way in which it can be committed. It also can be committed, by the doing of any act ‘ whereby a breach of the peace may be occasioned.’
‘ ‘ It has been held that soliciting, for the purpose of prostitution, drivers of automobiles stopped for a traffic light constitutes the offense of disorderly conduct. (People v. Yergan, 164 Misc. 83.) ”
In People v. Yergan (supra, p. 85) the court stated: “ Conduct which tends to a breach of the peace is, within certain limitations, a matter of discretion on the part of the magistrate. And this must necessarily be so if law, order and ordinary decency in so large a metropolis as the city of New York are to be maintained. (People v. Lipschitz, [120 Misc. 633]; Matter of Twelve Commitments, [19 Abb. Pr. 394]; People v. Nixon, 248 N. Y. 182.)
“It is immaterial whether any breach of the peace actually occurred or whether the persons affected by the defendant’s conduct were actually annoyed. (People v. Lipschitz, supra; People v. Squires, 135 Misc. 214; People v. Sinclair, 86 id. 426; Cobb [Inferior Criminal Courts Act], p. 136 and cases therein cited.) ”
*195 It is not incumbent upon the People to show that the public was actually “ annoyed ” (People v. Ripke, 115 N. Y. S. 2d 590 [1952]) or that the defendants intended to provoke a breach of the peace (People v. Ennis, 45 N. Y. S. 2d 446 [1943]).
The judgment of conviction is amply sustained by the proof. The decision of the trial court rested and is dependent upon that version of the disputed facts which is accepted by that court. It was incumbent upon the trier of the facts, in the case at bar, to take, consider, and evaluate the testimony of the persons present at the occurrence. The trier of the facts saw and heard the witnesses who appeared before him and, although there were contradictions as to certain details, a determination was made upon the testimony presented. It was within the province of the trial court to determine the truth from conflicting testimony and the relative weight to be accorded such testimony.
In Amend v. Hurley (293 N. Y. 587, 594) the court said: “ The advantages of the trial court who saw and heard the witnesses should be considered and, when truth hangs upon the credibility of witnesses, his decision should be given the greatest weight (Boyd v. Boyd, 252 N. Y. 422,429; York Mortgage Corp. v. Clotar Const. Corp., 254 N. Y. 128, 134; Smith v. Smith, 273 N. Y. 380, 383).”
In York Mtge. Corp. v. Clotar Constr. Corp. (254 N. Y. 128, 134) Mr. Justice Pound stated: “ In close cases, the Appellate Division should and we may properly take into consideration, in passing on the credibility of conflicting evidence, the fact that the trial judge had the advantage of seeing the witnesses. ‘ In a case so close as this, let the court of first instance decide. ’ (Boyd v. Boyd 252 N. Y. 422, 429.) ”
In Boyd v. Boyd (252 N. Y. 422, 429) Mr. Justice O’Bexen stated as follows: “Pace to face with living witnesses the original trier of the facts holds a position of advantage from which appellate judges are excluded. In doubtful cases the exercise of this power of observation often proves the most accurate method of ascertaining the truth.”
In People v. Lytton (257 N. Y. 310, 312-313) the court said: “ We have examined the record with the patient care exacted by the life that is at stake. Inconsistencies and uncertainties are not lacking altogether. They are not so vital as to condemn the verdict. A question of fact remains, involving an appraisal by a jury of the credibility of witnesses, and incapable of satisfactory solution by the study of the printed page (People v. Rodawald, 177 N. Y. 408, 419, 420; People v. Taylor, 138 N. Y. *196 398; People v. Egnor, 175 N. Y. 419, 425). ‘ There can be no reversal of the judgment without breaking down the barriers that separate the functions of a jury from those of an appellate court ’ (People v. Arata, 255 N. Y. 374, 375).”
I therefore dissent and vote to affirm the conviction.
Dunaif, J., concurs with Gassman, P. J.; Acquavella, J., dissents in opinion.
Judgment reversed, etc.