.John H. Galloway, Jr., J.
Defendant appeals from a judgment of the Court of Special Sessions, Town of Greeriburgh, rendered on September 11, 1961, convicting him of a misdemeanor, a violation of section 80 of the General Business Law, after a trial before Hon. Robert S. D. Roy, Justice of the Peace, without a jury. He was sentenced to a term of one year in the county penitentiary.
The information charged defendant with violation of section 80 of the General Business Law, on June 22,1961, by knowingly *666 and- without authority possessing, using and displaying a license certificate and pocket card purporting to authorize him to act as a private detective or investigator, he being not duly licensed and not so authorized by the Department of State pursuant to said section of the said statute.
The assigned errors are (1) that the conviction was contrary to law and against the weight of the evidence, and (2) that the evidence was legally insufficient to overcome the presumption of innocence; (3) that the information was insufficient on its face to charge the commission of any crime, and should have been dismissed; (4) that the pocket card and badge allegedly exhibited by defendant to the complaining police officer were not those issued by the Department of State, but were issued to him by the Lee Detective Agency, and were not within the proscription of section 80 of the General Business Law; (5) that the People failed to offer proof that defendant was not one of the persons excepted from the provisions of sections 80 and 81 by section 83 of the General Business Law, which the People were required to do; and (6) that the sentence imposed was excessive under the circumstances.
With respect to the sufficiency of the proofs to sustain the conviction, it is for the trial court to determine the weight and credibility of the testimony, and, in the absence of discernible error in the record, this court should not disturb the conviction where, as here, the evidence was in our opinion sufficient to sustain the alleged violation beyond a reasonable doubt. (People v. Sanducci, 195 N. Y. 361; People v. Arata, 255 N. Y. 374; People v. Lytton, 257 N. Y. 310.)
Defendant urges, under his third and fourth assignments of error, that he was not proved guilty of violating section 80 of the General Business Law. He argues that, whereas he was charged with unlawfully possessing and displaying a license certificate or pocket card purporting to authorize him to act as a private detective or investigator when he was not so licensed by the Department of State, in violation of section 80, the People’s proof showed merely that he possessed and displayed an identification card and a badge issued to him as an employee of a detective agency; and that, if he was guilty of any offense, it was for a violation of section 81 of the General Business Law, which concerns employees of a private investigator’s agency.
Section 80 (as last amd. by L. 1959, ch. 778, eff. Oct. 1, 1959) provides in pertinent part: “ It shall be unlawful for a holder of a license or anyone else to * * * possess, use or display any license certificate, pocket card, badge, shield or any other indicia of a license status pursuant to this article except as set *667 forth in this article. . * * * Any person violating any provision of this section shall be guilty of a misdemeanor.” (Emphasis added.)
Section 81 (as last amd. by L. 1952, ch. 756, eff. April 15, 1952) provides in pertinent part: “1. * * * Any person falsely stating or representing that he is or has been a detective or employed by a detective agency shall be guilty of a misdemeanor. ’ ’
The People’s proof established that while King had been issued an employee’s identification card and badge by the Alfred Lee Detective Agency prior to 1958, he was not thereafter employed by Lee and was not authorized to possess the card and badge. The card contains defendant’s photograph, beneath which are the words “ Investigator No. 114 ”, and certifies that he is appointed by the Alfred Lee Detective Agency “ to perform investigating service under my direction and control ”. On June 22, 1961 defendant entered the Greenburgh Police Headquarters, stated to some of the officers present that he was a “private detective, attached to the Treasury Department”, that “ he was working for the Treasury Department, Narcotics Division ”, that “ he was on a narcotics case ”, and with that he reached in his pocket and pulled out and flashed his badge (which was inscribed “ Detective — Alfred Lee Detective Agency, N. Y.”) and the yellow identification card above described.
In our opinion, not only did the text of the information charge in substance and effect an unlawful possession, use and display of an “ indicia of a license status ’ ’ in violation of section 80, but the People’s proofs amply established that violation, and also a violation of section 81 — viz. “ falsely * * * representing that he is * * * a detective or employed by a detective agency ”.
While the context of the information appears to charge a violation of section 80 involving the display of a license certificate or pocket card issued by the State Department, to a principal, as distinguished from the display of a mere employee’s identification card and badge, we believe that fairly and reasonably construed, the wording of the information is broad enough to permit proof of a false representation that defendant was a detective or was employed by a detective agency. That defendant was not expressly so charged under section 81 is in our opinion immaterial, since defendant was not thereby prejudiced, because the proofs of unauthorized display of the employee’s identification card and badge were sufficient .to establish both false representations under section 81 and unlawful display of an “ indicia of a license status ” under section 80. In our opinion *668 the employee’s identification card and badge constituted “ other indicia of a license status ’ ’, since they could be properly issued only by a duly licensed private detective or investigator. (Cf. People v. Ryan, 12 A D 2d 841 [1961, 3d Dept.].)
We find no merit in defendant’s fifth assignment of error, that the People failed to allege and prove the negative of the exceptions contained in sections 70 and 83 of the General Business Law. These sections except or exempt from the application of the article of which sections 80 and 81 are a part, certain persons therein enumerated. Defendant urges that the People were required to allege and prove that defendant was not licensed to act as a private detective (which was proved by People’s Exhibit 1 — Certificate of Department of State), and that he was not one of the exempted persons mentioned in section 83, and that failure so to do was fatal to conviction. The law is to the contrary. The exceptions or exemptions referred to are not specifically set forth in the enacting clauses (§§ 80, 81). They are matters of defense and the burden was on defendant to establish them. Accordingly the People were not required either to plead or prove them. (Cf. People v. Rockwell, 123 N. Y. S. 2d 201, 204; People v. Dantschisch, 153 N. Y. S. 2d 519, 526; People v. Uzzolino, 14 A D 2d 559 [2d Dept., 1961].)
And finally, defendant urges that the sentence imposed was excessive. The record shows defendant’s admission of three prior convictions of impersonating an officer for which he was sentenced to one term of eight months and two terms of one year each. Despite this record, we feel that the circumstances of the violation here established were not such as to warrant the sentence here imposed. We believe that the interests of enforcement and of justice will be adequately served if the sentence is reduced to six months in the county penitentiary.
Judgment of conviction is accordingly modified on the law and facts by reducing the sentence imposed below to six months in the county penitentiary, and as so modified, affirmed.