OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the case remitted to that court for a review of the facts.
Following a jury trial, defendant was convicted of having robbed a grocery store. The Appellate Division reversed the conviction “on the law” because, in its view, the trial court had abused its discretion in permitting the jurors to view the scene of the crime after they had begun their deliberations. Since both parties had consented to the post-summation viewing, the Appellate Division declined to hold that the procedure was unauthorized per se (cf. CPL 270.50). Nevertheless, the court held that a retrial was required because a minor but material change had occurred in the layout of the grocery store since the time of the robbery. Because the conditions to which the jurors were exposed at the time of their viewing were not representative of the conditions that existed when the robbery took place, the Appellate Division concluded that defendant’s position had been seriously prejudiced.
Initially, we note that the Appellate Division based its reversal upon a properly preserved “question of law” and *723 thus its order is appealable under CPL 450.90 (subd 2, par [a]). Although defendant ultimately consented to the jury’s visit to the grocery store, he had repeatedly objected to the trial court’s decision to permit the jurors to view the scene under conditions which differed materially from those that obtained at the time of the robbery. These protestations were sufficient to create a “question of law” within the meaning of CPL 470.05 (subd 2), notwithstanding defendant’s ultimate consent to the procedure (cf. People v Le Mieux, 51 NY2d 981).
It remains for us to determine, however, whether defendant’s final consent to the viewing procedure constituted an effective waiver of a right to relief on the basis of any objection he might otherwise have had to the manner in which the viewing was conducted. On the basis of the present record, we conclude that an actual waiver did occur. First, it must be stressed that defendant consented to the viewing after the trial court had ruled against him on his request to have the displays in the grocery store rearranged in order to duplicate the conditions that existed at the time of the robbery. And this consent was given even though defendant was at all times aware that the trial court would not have permitted the jury to visit the crime scene unless both he and the District Attorney agreed. The only reasonable inference to be drawn from these circumstances is that defendant honestly believed that a jury visit to the scene would be helpful to his case and that he was therefore willing to accept the risk of whatever prejudice might arise as a result of the changes in the layout of the grocery store. The Appellate Division should not have relieved defendant of this choice of trial strategy, absent a showing of some extenuating circumstance.*
As a separate and independent ground for our holding, we note that defendant explicitly agreed to forego whatever right he may have had to appeal on the basis of the post-summation viewing procedure should the jury return an *724 unfavorable verdict. This agreement, which was exacted by the District Attorney as a condition to his own consent, was itself a valid and binding waiver, and it should have been respected when the case was considered at the Appellate Division.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order reversed and case remitted to the Appellate Division, First Department, for further proceedings in accordance with the memorandum herein.

 It is noted that defendant’s postvisit request for limiting instructions and his related motion for a mistrial when his request was denied, in no way operated to vitiate his consent to the visit, since the physical conditions at the grocery store at the time the jury made its visit did not differ materially from those that had been anticipated at the time the consent was given.