■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES STANLEY, III, Appellant. [624 NYS2d 313] —Judgment affirmed. Memorandum: There is no merit to the contention that Supreme Court erred in denying defendant's CPL 330.30 (2) motion to set aside the verdict on the ground of juror misconduct. The record shows that, during the viewing of the crime scene, two jurors, accompanied by a court deputy, walked around the corner and ran back. It appears that through that conduct those jurors sought to understand the evidence presented at trial *(see, People v Landers,* 264 NY 119, 123-124, *rearg denied* 264 NY 665). None of the jurors, however, was called to testify concerning the purpose of that conduct. The record thus fails to show the reasons for the jurors' actions or any conclusions that were reached by the

jurors, nor was it shown that the jurors' actions were directly material to a point at issue in the trial and that they created a substantial risk of prejudice to the rights of defendant *(cf., People v Brown,* 48 NY2d 388, 394).

There also is no merit to the contention of defendant that he was deprived of his right to be present at all material stages of the trial. Specifically, defendant contends that, although he was present when the jury viewed the crime scene, he was unable to observe the actions of the two jurors after they walked around the corner and, therefore, he was not present when they received evidence from those actions. The record fails to show that any evidence was received by the jurors and thus does not support defendant's contention. The argument set forth in the dissent is not raised by defendant and, therefore, may not be considered. Moreover, the visit by the jurors to the crime scene during their deliberations, upon consent of defense counsel in defendant's presence, is not a part of the trial *(see, People v Landers, supra,* at 123; *People v Thorn,* 156 NY 286). Furthermore, because defendant consented to the viewing and defense counsel consented to a juror walking around the corner and running back, any objection to the manner in which the viewing was conducted, absent proof of juror misconduct, has been waived *(see, People v White,* 53 NY2d 721, 723).

All concur except Denman, P. J., and Balio, J., who dissent and vote to reverse in the following Memorandum.

Denman, P. J., and Balio, J. (dissenting). We conclude that defendant's absence from part of the viewing of the crime scene denied defendant his right to be present at a material stage of trial. During deliberations, the deadlocked jury asked to visit the crime scene. Upon the consent of the People and defendant, the court granted that request. The Trial Judge, court personnel, prosecutor and defense counsel also went to the scene. Defendant was taken to the scene in a police car and remained inside the car, 30 to 40 yards from the Judge and jury, throughout the viewing. While at the scene, one juror asked a court deputy for permission to go around the corner and to run back. The deputy relayed that request to the Trial Judge, who granted the request after defense counsel and the prosecutor consented. Defendant was not asked for his consent. As that juror walked down the street in the company of the deputy, she was joined by another juror. Despite the deputy's admonitions that they not talk to each other, the two jurors talked while walking down the street and continued to

converse as they walked around the corner and disappeared from the sight of the Judge, prosecutor, defense counsel, and defendant. The deputy, who was still accompanying the two jurors, saw them conduct what appeared to be an experiment by running, checking time on a watch, and shouting out numbers.

CPL 270.50 (1) gives the trial court discretion to order that the jury be taken to the scene of the crime "at any time *before* the commencement of the summations" (emphasis added). There is, however, no specific proscription in the statute against a jury's viewing the crime scene *after* the summations. Indeed, before the passage of this statute, it had been the rule in New York that, upon the consent of the parties, the court had the power to order postsummation viewings *(see, People v Landers,* 264 NY 119, 123) and the statute does not limit the court in that regard. Thus, there is a residuum of power in the trial court to permit a jury, upon consent of the parties, to conduct such viewing after summations *(see, People v White,* 67 AD2d 571, 574, *revd on other grounds* 53 NY2d 721).

The crux of the issue is whether the postsummation viewing constituted a part of the trial, or whether it was merely a part of the deliberations. If it was the former, then, absent a waiver, defendant was required to be present *(see,* CPL 270.50, 260.20; *People v Smith,* 195 AD2d 265; *see also, People v Morales,* 80 NY2d 450, 455-456) as was the Trial Judge *(see, People v Ahmed,* 66 NY2d 307, 310-312, *rearg denied* 67 NY2d 647; *People v Parisi,* 276 NY 97, 100; *People v Lumpkin,* 173 AD2d 738, 740-741). Further, the issue need not have been preserved and harmless error analysis is not applicable because the absence of the Judge and/or the defendant from the trial affects " 'the organization of the court or the mode of proceedings prescribed by law' " *(People v Ahmed, supra,* at 310, quoting *People v Patterson,* 39 NY2d 288, 295, *affd* 432 US 197; *see, People v Morton,* 189 AD2d 488, 494; *People v Smith, supra,* at 265-266).

In our view, scene-viewing, whether it occurs before or after summations, must be deemed a part of the trial. Although the jury's visit to the scene of the crime was not considered part of the trial before the passage of CPL 270.50 *(see, People v Landers, supra; People v Thorn,* 156 NY 286), that notion has "in most jurisdictions been repudiated" (4 Wigmore, Evidence § 1168, at 388 [Chadbourn ed]). With the passage of CPL 270.50, it appears that the Legislature intended that jury viewings be treated as a part of the trial. Before enactment of CPL 270.50, Code of Criminal Procedure § 411 authorized the

Trial Judge to order jury viewings, but was silent concerning when the viewings could be conducted and whether a defendant was entitled to be present. The Court of Appeals concluded that, because a jury viewing is not a part of the trial, the court could authorize a viewing during deliberations *(see, People v Landers, supra).* CPL 270.50, however, expressly provides that the court may authorize a jury to view the crime scene before summations and that defendant has the right to be present throughout the viewing. Although the statute does not authorize a trial court to permit a jury viewing after summations, the procedural provisions of the statute were intended to apply to all jury viewings, including, by implication, viewings conducted after summations in the exercise of a court's residual powers. Thus, postsummation viewing must also be considered a part of the trial and a defendant is entitled to be present. That conclusion flows logically from the statute and from general notions of fairness. By being present at a viewing, a defendant can ensure that jurors do not engage in improper conduct, and can report to defense counsel any material changes in the scene *(see, People v Mallory,* 421 Mich 229, 247-248, 365 NW2d 673, 682).

Defendant was not present when the deputy relayed the juror's request for permission to separate from the rest of the jurors and walk around the corner. Defendant had the right to be present, to hear the juror's request, and to witness the experiment that was conducted. Implicit in the right to be present is the right to hear what the jury hears and to see what the jury sees *(see, People v Morton,* 189 AD2d 488, 494, *supra; see also, People v Smith,* 195 AD2d 265, *supra).* (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.— Murder, 2nd Degree.) Present—Denman, P. J., Balio, Lawton, Callahan and Doerr, JJ.

the street. In reviewing a determination of the suppression court, great weight must be accorded its decision because of its ability to observe and assess the credibility of the witnesses, and its findings should not be disturbed unless clearly erroneous (see, People v Prochilo, 41 NY2d 759, 761; People v Hill, 175 AD2d 603).