OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, and a new trial ordered.
 

 Following defendant’s trial for murder in the second degree, the deadlocked jury requested permission to visit the crime scene to aid in their deliberations. The prosecutor, defendant and his counsel all agreed to the postsummation view and accompanied the Trial Judge, court officers and jury to the scene. At the scene, both counsel assented to a request by one juror to walk to a specified corner and run back. When this juror began walking to the corner, escorted by a court officer, another juror joined in without the consent of counsel and defendant, or the permission of the Trial Judge. Although the court officer instructed them not to talk at the scene, the two jurors engaged in some conversation, agreeing to stagger their runs back to the scene and time themselves. Upon their arrival back at the scene, each loudly reported the time to the other. The court officer again admonished the jurors that they could not talk at the scene. Following the return to the courthouse, the jury resumed deliberations and reached its verdict finding defendant guilty. Subsequently, defendant moved, pursuant to CPL 330.30 (2), to set aside the verdict based in part on improper juror conduct. Supreme Court denied the motion, and the Appellate Division affirmed, with two Justices dissenting
 
 (see, People v Stanley,
 
 212 AD2d 983).
 

 The jurors’ orchestrated experiment, which exceeded the scope and manner of what counsel consented to, was pointedly aimed at authenticating the eyewitness’s version of the crime as testified to at trial. By simulating the witness’s purported conduct to determine whether, from a particular vantage point, she could have distinguished defendant from the crowd pursuing the victim, the two jurors became unsworn witnesses, incapable of being confronted by defendant, and their experiment created nonrecord evidence, which defendant could not test by cross-examination
 
 (see, People v Register,
 
 75 NY2d 832, 833;
 
 People v Brown,
 
 48 NY2d 388, 393-394;
 
 People v Crimmins,
 
 26 NY2d 319, 324). In this regard, the experiment was not an "application of [the jurors’] everyday perceptions and common sense to the issues presented in the trial”
 
 (People v Brown,
 
 48 NY2d, at 393,
 
 supra).
 
 Whether the jury believed this witness
 
 *1002
 
 could have observed defendant shooting the victim, as she described, was critical to the prosecution’s case, which hinged on the witness’s credibility and the plausibility of her account of the murder. Furthermore, the conversations between the two experimenting jurors were in violation of the court’s instructions
 
 (cf.,
 
 CPL 270.50 [3]). Notwithstanding defendant’s consent to the postsummation view
 
 (cf., People v White,
 
 53 NY2d 721, 723; CPL 270.50 [1]), the risk of prejudice to him from the circumstances of the unauthorized, contrived experiment is manifest.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
 

 Order reversed, etc.