■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE JONES, Appellant. [680 NYS2d 764] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: County Court properly denied the request of the jury during deliberations to visit the crime scene. Even assuming, arguendo, that the court had inherent authority to allow the jury to visit the crime scene after summations upon consent of the parties (*see*, CPL 270.50 [1]; *People v Stanley*, 87 NY2d 1000, *revg* 212 AD2d 983; *People v White*, 53 NY2d 721, *revg* 67 AD2d 571), we note that the prosecutor did not consent.

The search warrant set forth with sufficient specificity the place to be searched (*see, People v Lavin*, 220 AD2d 886, *lv denied* 87 NY2d 904). The evidence that defendant possessed the cocaine found in the basement is sufficient to support the conviction of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]). By failing to object to the admission of the rebuttal testimony of two detectives on the ground advanced on appeal, defendant failed to preserve his present argument for our review (*see, People v McCall*, 88 NY2d 838). Defendant also failed to preserve for our review his present arguments that the court's interested witness charge was not balanced and that he was entitled to a moral certainty charge (*see*, CPL 470.05 [2]). In any event, the court's interested witness charge was proper, and defendant was not entitled to a

moral certainty charge because the People did not rely entirely upon a theory of constructive possession (*cf., People v Brian,* 84 NY2d 887, 888).

Defendant was convicted of criminal possession of a controlled substance in the third and fourth degrees; consequently, his conviction of criminal possession of a controlled substance in the seventh degree, based upon possession of the same cocaine, must be reversed, the sentence imposed thereon vacated and count three of the indictment dismissed (*see,* CPL 300.30 [4]; 300.40 [3] [b]; *People v Speed,* 226 AD2d 1090, 1091-1092, *lv denied* 88 NY2d 969). The sentence is neither unduly harsh nor severe. We have examined defendant's remaining argument and conclude that it is without merit. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Pine, J. P., Lawton, Pigott, Jr., Callahan and Boehm, JJ.