People v Ayala (2023 NY Slip Op 05232)

People v Ayala

2023 NY Slip Op 05232

Decided on October 17, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 17, 2023

Before: Webber, J.P., Oing, Gesmer, Rodriguez, Rosado, JJ. 

Ind. No. 1408/16 Docket No. 2015 NY 078097, 2015 NY 076767 Appeal No. 813 Case No. 2017-01543 

[*1]The People of the State of New York, Respondent, 
v
Jesus Ayala, Defendant-Appellant. 

Twyla Carter, The Legal Aid Society, New York (Rebecca D. Martin of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Sheila O'Shea of counsel), for respondent.

Order, Supreme Court, New York County (Melissa C. Jackson, J.), entered on or about December 1, 2017, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
Defendant waived his argument that the court improperly conducted a combined SORA hearing and rendered a single risk assessment determination on the two underlying convictions, without a combined risk assessment instrument (RAI) from the SORA Board, by joining the prosecution in requesting a consolidated hearing and proceeding on the People's submission of a combined RAI without requesting that one also be submitted by the Board (see People v White, 53 NY2d 721, 723 [1981]). We decline to address it in the interest of justice.
The court's assessment of 10 points under the risk factor for inappropriate living situation was supported by clear and convincing evidence. Defendant provided no identifiable postrelease address, and had no record of any prior employment, residency in shelters, or participation in community programs, making it difficult to locate him if he were to reoffend (see People v Alemany, 13 NY3d 424, 430 [2009]). Defendant has not demonstrated how the requirement that he provide a compliant address before his release bears on the issue of his currently unknown living situation.
The court providently exercised its discretion in granting an upward departure (see generally People v Gillotti, 23 NY3d 841, 861-862 [2014]). In addition to the underlying convictions, defendant had also been convicted of three prior non-registerable sex offenses similar to the offenses at issue. Defendant's pattern of conduct reflected an inability to control his behavior and his potential danger to the public, which were aggravating factors not accounted for by the RAI (see People v Gonzalez, 209 AD3d 544 [1st Dept 2022], lv denied 39 NY3d 908 [2023]). The mitigating factors cited by defendant were either taken into account by the RAI or outweighed by the aggravating factors.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 17, 2023