THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONALD SARRA, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DANIEL McCARTHY, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT LEE, Appellant.— Defendants appeal from a judgment of the County Court, Kings County, convicting them of the crimes of robbery in the first degree and assault in the second degree, upon the verdict of a jury, and from the sentences imposed thereunder. Judgment reversed on the law, indictment dismissed as to defendant Lee, and a new trial granted as to defendants Sarra and McCarthy. The evidence was insufficient to establish the defendant Lee's guilt beyond a reasonable doubt. As to the defendant Sarra, it was improper and prejudicial to permit the prosecutor to bring out, for the purpose of impeachment, that said defendant had been adjudicated a wayward minor, and that such adjudication was based on a complaint that he had committed the crime of sodomy. (Cf. *People ex rel. Peltz* v. *Brewster,* 232 App. Div. 1, affd. 256 N. Y. 558.) Similar error was committed with respect to the defendant McCarthy during his cross-examination, in which it was brought out that he had been adjudged a youthful offender, upon an accusation that he had assaulted a police officer and that he had, apparently in the course of the proceedings against him, pleaded guilty to such assault. (Code Crim. Pro., §§ 913-i, 913-n.) These errors were accentuated in the charge to the jury, in which it was stated that defendants and the complainant had been previously

convicted, some of criminal offenses, and some of other offenses. Error was further committed in permitting testimony by detective Whalen, a witness for the People, as to statements made by the complainant to defendant McCarthy's brother, that he (the complainant) had been threatened by the brother's friends, and by permitting the complainant to testify that he had been threatened by a group of men, or boys, not in any way connected with the defendants. It was also erroneous and prejudicial to permit the police officers who arrested defendants to testify that the complainant had identified them on the occasion of the arrest. (*People* v. *Infantino,* 224 App. Div. 193.) On retrial, in defining the issues, the court should refer to defendants' claims, as well as those of the People, and if the evidence is reviewed, should advert to the testimony of the witnesses for the defendants, as well as that of the People's witnesses. The jury should also be charged with respect to the crime of assault in the third degree. No separate appeal lies from the sentences, which have been reviewed on the appeal from the judgment of conviction. Nolan, P. J., Wenzel and MacCrate, JJ., concur; Adel and Beldock, JJ., concur for reversal and new trial as to defendants Sarra and McCarthy solely for errors in the admission of the testimony of detective Whalen, the complainant, and the arresting officers, indicated in the majority decision. With respect to defendant Lee, we concur in the reversal of the judgment, but dissent as to the dismissal of the indictment and vote for a new trial on the same grounds as stated with respect to defendants Sarra and McCarthy. In our opinion, there was evidence as to the guilt of defendant Lee sufficient for submission to the jury.