THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.*
ROBERT LEE, Respondent.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
DONALD SARRA, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
DANIEL MCCARTHY, Appellant.

Argued January 17, 1955; decided March 10, 1955.

*Asher Marcus* and *Francis E. Dorn* for Donald Sarra and Daniel McCarthy, appellants, and Robert Lee, respondent. I. The People's evidence is insufficient, as a matter of law, to establish the guilt of appellants beyond a reasonable doubt. (*People* v. *Ledwon,* 153 N. Y. 10; *People* v. *Wrieden,* 299 N. Y. 425; *People* v. *Gluck,* 188 N. Y. 167; *People ex rel. Hussey* v. *Woods,* 169 App. Div. 146; *People ex rel. Kelly* v. *Waldo,* 161 App. Div. 731; *Matter of Reger* v. *Mulrooney,* 241 App. Div. 38; *People* v. *Campanaro,* 223 App. Div. 248, 249 N. Y. 545; *People* v. *Eng Hing,* 212 N. Y. 373; *Atlantic Works* v. *Brady,* 107 U. S. 192; *Hoeltke* v. *Kemp Mfg. Co.,* 80 F. 2d 912.) II. The evidence is insufficient, as a matter of law, to support a conviction of assault within the meaning of subdivision 3 of section 242 of the Penal Law. (*People* v. *Katz,* 290 N. Y. 361; *People* v. *Finn,* 275 App. Div. 65; *People* v. *Plath,* 100 N. Y. 590; *People* v. *Osinski,* 281 N. Y. 129.) III. A conviction for robbery in the first degree within the meaning of subdivision 2 of section 2124 of the Penal Law is an impossibility. (*Baron* v. *People,* 1 Parker Cr. Rep. 246; *People* v. *Munroe,* 190 N. Y. 435.) IV. Appellants are entitled to their immediate discharge instead of being required to stand trial again. (*People* v. *Gluck,* 188 N. Y. 167; *People* v. *Wrieden,* 299 N. Y. 425.) V. The cases relied upon by the People to support their contention that Lee was sufficiently identified to warrant a new trial as to him do not support the People's position. (*People* v. *Cassidy,* 160 App. Div. 651; *People* v. *Taranto,* 275 App. Div. 1061; *People* v. *Caruso,* 184 App. Div. 512; *People* v. *Gerace,* 254 App. Div. 135.)

*Edward S. Silver, District Attorney* (*William I. Siegel* of counsel), for People of the State of New York. I. The Appellate Division erred in dismissing the indictment as to Lee. The case

should have been returned to the County Court for a new trial as to him. (*People* v. *Bellows,* 281 N. Y. 67; *People* v. *Scheinman,* 295 N. Y. 142; *People* v. *Potskowski,* 298 N. Y. 299; *People* v. *Campanaro,* 223 App. Div. 248, 249 N. Y. 545; *People* v. *Cohen,* 223 N. Y. 406; *People* v. *Eng Hing,* 212 N. Y. 373; *People* v. *Seppi,* 221 N. Y. 62; *People* v. *Trybus,* 219 N. Y. 18; *People* v. *Lytton,* 257 N. Y. 310; *People* v. *Brengard,* 265 N. Y. 100; *People* v. *Reddy,* 261 N. Y. 479; *People* v. *Stilwell,* 244 N. Y. 196.) II. The action of the Appellate Division in remitting the case against defendants Sarra and McCarthy to the County Court for a new trial was proper. (*People* v. *Ledwon,* 153 N. Y. 10; *People* v. *McCarthy,* 250 N. Y. 358; *People* v. *Gluck,* 188 N. Y. 167; *People* v. *Wrieden,* 299 N. Y. 425; *People* v. *Katz,* 290 N. Y. 361; *People* v. *Scott,* 153 N. Y. 40; *People* v. *Munroe,* 190 N. Y. 435.)

FROESSEL, J. Defendants were convicted of first degree robbery and second degree assault. The Appellate Division reversed the judgments of conviction for errors in the admission of evidence offered by the People, and in the trial court's charge to the jury. These errors are not in issue on this appeal. As to defendants Sarra and McCarthy, a new trial was ordered; as to defendant Lee, the indictment was dismissed, the majority holding that the evidence was insufficient to establish his guilt beyond a reasonable doubt.

Cross appeals are now before us, the People contending only that as to Lee a new trial should also have been ordered, and defendants Sarra and McCarthy urging that the indictments should have been dismissed as to them.

We agree with the Appellate Division in their reversal of the convictions, and in ordering a new trial for Sarra and McCarthy. Said defendants' principal claim here is that their story of a street fight is inherently more believable than complaining witness Lehr's testimony of robbery and assault. But obviously this problem of credibility was, on the record before us, a matter for the jury, notwithstanding the fact that Lehr had a criminal record (*People* v. *Landers,* 264 N. Y. 119, 122; *People* v. *Arata,* 255 N. Y. 374, 375–376; *People* v. *Cohen,* 223 N. Y. 406, 422, motion for reargument denied 227 N. Y. 623, certiorari denied 248 U. S. 571; *People* v. *Eng Hing,* 212 N. Y. 373; *People* v.

*Campanaro,* 223 App. Div. 248, 252, affd. 249 N. Y. 545). Although phrased in terms of sufficiency of the evidence, defendants' argument is really directed to its weight. It being clear that there was sufficient evidence to support the verdicts against Sarra and McCarthy, the Appellate Division lacked the power, even had it so desired, to dismiss the indictment as to them (*People* v. *Bellows,* 281 N. Y. 67; *People* v. *Scheinman,* 295 N. Y. 142; *People* v. *Potskowski,* 298 N. Y. 299; see, also, *People* v. *Rudolph,* 303 N. Y. 73). Moreover, even where the evidence at the first trial is insufficient, a new trial may be properly ordered (*People* v. *Orr,* 270 N. Y. 193; *People* v. *Romano,* 279 N. Y. 392; *People* v. *Guardino,* 286 N. Y. 132; *People* v. *Bearden,* 290 N. Y. 478; *People* v. *Margiotta,* 292 N. Y. 26; *People* v. *Rosen,* 294 N. Y. 761; Code Crim. Pro., § 543). Their other contentions are clearly without merit.

As to defendant Lee, however, we are of the opinion that Lehr's identification of Lee, when considered in the light of all the other evidence, was sufficient for the jury to pass upon, and that the majority of the Appellate Division erred in holding the evidence against Lee to be insufficient as a matter of law.

Accordingly, the orders of the Appellate Division with respect to Sarra and McCarthy should be affirmed. With respect to Lee, the order appealed from should be modified insofar as it dismissed the indictment, the indictment should be reinstated, and a new trial ordered; in all other respects the order should be affirmed. Lee's application upon the argument of this appeal for a reargument of the motion to dismiss the appeal is denied.

CONWAY, Ch. J., DESMOND, DYE, FULD, VAN VOORHIS and BURKE, JJ., concur.

Ordered accordingly.