■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM HURST, Appellant.— Appeal by defendant: (1) from a judgment of the County Court, Richmond County, entered November 20, 1959, after a jury trial, convicting him of robbery in the first degree (two counts) and assault in the second degree; and (2) from every intermediate order made in the action, and sentencing him to serve: 10 to 30 years on the first robbery count, with an additional term of 5 to 10 years for being armed; 10 to 30 years on the second robbery count, said sentence to run concurrently with that imposed on the first robbery count; and 2½ to 5 years on the second degree assault count, such sentence to run consecutively to the sentence imposed upon the robbery counts; the aggregate of the sentences being 17½ to 45 years. Judgment affirmed. The prosecution was entitled to show previous vicious or criminal acts on defendant's part (*People* v. *Sorge,* 301 N. Y. 198, 200), even though this line of inquiry might have elicited proof that defendant was guilty of other offenses (*People* v. *Buchalter,* 289 N. Y. 181, 217, 218). The documents used by the People's witnesses were more inculpatory than was their oral testimony against defendant. Since the proof against defendant was sufficient otherwise to establish his guilt, the nonproduction of the documents was harmless error (*People* v. *Rosario,* 9 N Y 2d 286, 291). No separate appeal

lies from the intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Ughetta, Christ and Pette, JJ., concur; Nolan, P. J., and Kleinfeld, J., dissent and vote to reverse the judgment and to order a new trial, with the following memorandum: After defendant had testified in his own behalf, the Assistant District Attorney questioned him as to the details of a larceny for which defendant had been adjudged a youthful offender (cf. *People* v. *McCarthy*, 283 App. Div. 876, affd. 308 N. Y. 302) and as to the commission of other crimes, some of which defendant admitted and some of which he denied committing. With respect to those which the defendant denied committing, the Assistant District Attorney was permitted to question him extensively by reading excerpts from testimony which he had given before a Grand Jury and by asking him whether he recalled being asked questions and giving the answers which comprised such testimony. The excerpts which were read involved not only the crimes which defendant had denied committing, but also at least one other offense concerning which no previous questions had been asked. This procedure was sought to be justified by the provisions of section 8-a of the Code of Criminal Procedure. Despite their form, the questions which were asked were obviously propounded not to probe defendant's recollection in order to induce him to change his answers (cf. *People* v. *Sorge*, 301 N. Y. 198), but for the purpose of impeachment by refuting through the Grand Jury minutes his denials that he had committed certain of the crimes concerning which inquiry had been made and by indicating to the jury by the same means that he had been guilty of criminal acts other than that for which he was on trial. This was error (cf. *People* v. *McCormick*, 278 App. Div. 410, affd. 303 N. Y. 403; *People* v. *Reger*, 13 A D 2d 63). It was also error to sustain the Assistant District Attorney's refusal to produce: (1) a written statement which the witness Hippen, who testified for the People, had previously given to the police, and (2) the notes and records made by another prosecution witness, Detective Di Giovanni, which he had concededly used to refresh his recollection before the trial (cf. *People* v. *Gezzo*, 307 N. Y. 385; *People* v. *Rosario*, 9 N Y 2d 286). In our opinion the errors referred to prejudiced defendant's substantial rights, and may not be disregarded as harmless under section 542 of the Code of Criminal Procedure, despite the sufficiency of the evidence adduced by the People to establish defendant's guilt.