Hyman Barshay, J.
The defendant by way of a writ of error coram nobis moves to vacate a judgment of conviction dated April 29, 1958, whereunder he was sentenced as a second felony offender to a term of 15 to 35 years in State prison for robbery in the first degree, grand larceny in the second degree and *1063 assault in the second degree. The judgment of conviction was unanimously affirmed by the Appellate Division (7 A D 2d 733) and by the Court of Appeals (6 N Y 2d 785).
A synopsis of the crime for which the petitioner was convicted is as follows.
On August 17, 1957, at about 10 o’clock in the morning, two 19-year-old youths, John Tumminia and Robert Everstz, executed a planned holdup of a physician at his home; the petitioner waited outside in the getaway car; immediately after the crime was committed, the three confederates sought to escape in the car driven by the petitioner; the police pursued and apprehended them. Subsequently, both Tumminia and Everstz pleaded guilty to lesser degrees of the crime and Tumminia testified for the prosecution in the trial of the petitioner.
Petitioner based his coram nobis application on two alternate grounds: (a) “ The prosecutor knowingly allowed false evidence to remain uncorrected before the trial court and the jury and (b) The prosecutor could in the exercise of due diligence, and should in the proper functioning of his office, be charged with the knowledge that false testimony was presented to the trial court.”
On consent of the District Attorney, a hearing was granted at which the petitioner sought to sustain his allegations. Petitioner’s counsel narrowed the issues by contending: “ (a) That the District Attorney knowingly suppressed the fact that Tumminia had been convicted of a crime; (b) That the witness, Tumminia, falsely testified in the trial against the defendant, that he had never before used a gun in the other stickups in which he had admitted participating; (c) That the District Attorney falsely represented the true background of the witness, Julia Camber della, which had been elicited during the material witness proceeding prior to the trial.”
The only evidence submitted by the petitioner in support of his allegations consisted of court exhibits containing references to the original trial record, a transcript of the material witness proceeding involving Julia Camberdella and certain court files in other proceedings pertaining to John Tumminia.
The petitioner alleges that the Assistant District Attorney falsely told the jury that Tumminia, the People’s principal witness, had never been convicted of a crime, even though the prosecutor knew that Tumminia had been convicted on the 12th day of March, 1955, for the crime of arson, and that on the 10th of December, 1956, he had been convicted for the crime of rape. The petitioner further alleges the said Tumminia had testified falsely in stating that he had never previously been *1064 convicted of a crime, in that the said Tumminia liad actually pleaded guilty, with the prosecutor’s consent, to the crime of robbery on February 3, 1958, the day before this petitioner’s trial started; and that the same Assistant District Attorney who prosecuted the petitioner, appeared for the People on the date of Tumminia’s plea of guilty.
The District Attorney contends that Tumminia did not testify falsely, nor did the Assistant District Attorney knowingly offer false testimony to the trial court.
As to the allegation that Tumminia testified falsely that he had not been previously convicted of the crimes of arson and rape, the District Attorney contends that the petitioner failed to establish the falsity of Tumminia’s testimony in this respect. The official criminal record established conclusively that he had not been convicted of these crimes, but had been adjudged a youthful offender on April 28, 1955, when sentence was suspended and he was placed on probation by Judge Joyce of the Kings County Court. Under section 913-n of the Code of Criminal Procedure, it is specifically provided that: “ no youth shall be denominated a criminal by reason of such determination, nor shall such determination be deemed a conviction”. (See Matter of Anonymous, 4 A D 2d 953.) While the Assistant District Attorney’s statement to the jury that Tumminia had never been convicted of a crime was technically true, his choice of language cannot be construed to have been falsely made in view of the full explanation of Tumminia’s background before the jury.
The District Attorney further contends that although Tumminia did testify “ that he had never been convicted of a crime,” even though he had pleaded guilty to this very robbery charge the day before petitioner was put to trial, the trial record shows, however, that Tumminia’s plea of guilty as aforesaid, was fully made known to the jury immediately after he had elicited Tumminia’s testimony that he had never been convicted of a crime. Thus in the square context of Tumminia’s testimony as aforesaid, it cannot be seriously urged, contends the District Attorney, that Tumminia had falsely testified in that respect.
The petitioner further alleges that the trial prosecutor inaccurately told the jury in summation, that ‘ ‘ these two boys (Tumminia and Everstz)’ were never involved in any brushes with the law until they met ‘ fagan Eohrlich ’ ”. A reference to page 298 of the trial record contains no such statement made by the District Attorney; it does show that he said: ‘ ‘ The dirty work was left to these two kids, with no prior records The facts as revealed by the record show that Tumminia had no *1065 prior record for conviction of a crime, but had been adjudicated a youthful offender.
While petitioner has not expressly urged it, the question remains whether the attribution made of Tumminia that he had no “ prior record ” may have misled the jury in assessing his credibility with respect to his adjudication as a youthful offender.
Viewed circumspectly, it can hardly be urged that the District Attorney’s statement in any way could have affected the substantial rights of the petitioner. The entire criminal background of Tumminia, including the fact that he had engaged in other robberies, and that he was a self-confessed accomplice of the petitioner, was fully laid bare before the jury.
Tumminia had testified at the trial that the robbery for which he had been convicted was committed by himself and by Everstz, who was armed with a gun, and that the petitioner waited outside in the getaway car. Tumminia frankly admitted at the trial of petitioner that he had committed other stickups besides the one to which he had pleaded guilty, while armed with a small penknife; that he had known the petitioner four or five months prior to the date of this robbery; that he had been arrested for several other stickups theretofore. These, and many other aspects of Tumminia’s unsavory background, were fully explored both on direct and cross-examination, and in summation to the jury.
The trial record shows that counsel for the petitioner vigorously argued to the jury concerning the credibility of Tumminia. Moreover, he had every opportunity to call the attention of the jury to the entire background of Tumminia. It is inconceivable, therefore, that Tumminia’s credibility could have been affected one way or the other by the additional circumstances that he had been adjudged a youthful offender. Coram nobis relief is inapplicable for nonmaterial allegations which have no bearing on the substantial rights of the accused. (People v. Freudenberg, 5 N Y 2d 209; People ex rel. Farrington v. Martin, 263 App. Div. 922, motion for leave to appeal denied 288 N. Y. 740; cert, denied 316 U. S. 678; People v. Robertson, 15 A D 2d 582.)
As to the petitioner’s further claim that Tumminia had falsely testified that he had never used a gun in another stickup in which he had admitted participating, the District Attorney contends that this bare allegation of falsity is supported only by hearsay proof from certain records of other criminal proceedings involving Tumminia, indicating that Tumminia was accused of having used a gun on a prior occasion; further, that the aforesaid records did not involve admissions by Tumminia *1066 himself, but were statements made by other persons attributing the use of a gun to him. In addition, the petitioner does not urge that Tumminia’s allegedly false testimony that he had never used a gun on a prior occasion, was in any way known to the trial prosecutor; in fact, it is conceded by petitioner’s counsel that the other criminal proceedings involving Tumminia were in charge of another Assistant District Attorney.
The petitioner further alleges that the District Attorney misrepresented the background of Julia Camberdella when he referred to her “ as one who working as a barmaid, never got involved in any disputes with the law ”, whereas in truth and in fact the same Assistant District Attorney characterized her in an entirely different manner when he previously sought to have her committed as a material witness before another Judge of Kings County. While it is admitted he so characterized her, yet her background was explored on cross-examination and in summation to the jury.
The District Attorney contends, however, that the record shows that her formal commitment as a material witness on September 13, 1957, was fully made known to the jury on the petitioner’s trial; that the minutes of the commitment proceeding’ were at all times available to him for use at the trial; that the District Attorney’s statement, in summation to the jury, “that Julia Camberdella working as a barmaid, never got involved in any disputes with the law ’ ’ must be viewed in the context of her own testimony that she had been committed as a material witness prior to the trial; that she had been previously arrested in 1952; that she knew the petitioner socially for about a year; that she also knew Tumminia, Everstz and one Neyer, all of whom frequented the bar together and that she had been employed as a barmaid working between the hours of 12:00 p.m. and 4:00 p.m. It is thus clear that the record of the trial clearly showed that the entire background of Julia Camberdella was laid before the jury, to be considered by it in conjunction with the prosecutor’s statement that “ she never got into any disputes with the law.” The court charged the jury that it was the sole judge of the facts and the credibility of each witness.
The law is well settled that cor am nobis does not lie without allegation and proof “ of fraudulent use of perjured testimony by the prosecuting attorney.” (People v. Costello, 8 N Y 2d 954, cert, denied 365 U. S. 852, rehearing denied 366 U. S. 915; People v. Fanning, 300 N. Y. 593; People v. Sadness, 300 N. Y. 69; Matter of Morhous v. Supreme Court, 293 N. Y. 131; Napue v. Illinois, 360 U. S. 264.)
*1067 I find that the petitioner has failed to meet the standard of proof that any witness had testified falsely against him or that the District Attorney knowingly or willfully suppressed any testimony affecting any substantial rights of the defendant at the trial. (People v. Freudenberg, 5 N Y 2d 209.) The motion is, therefore, denied.