UNITED STATES of America ex rel. Bernard ROHRLICH, Relator,

v.

Edward M. FAY, as Warden, Green Haven Prison, Stormville, New York, Respondent.

United States District Court S. D. New York. April 21, 1965.

Bernard Rohrlich, pro se.

Louis J. Lefkowitz, Atty. Gen. of New York, New York City, for respondent. Vincent A. Marsicano, Asst. Atty. Gen., of counsel.

WEINFELD, District Judge.

This application by a state prisoner presents issues unlike those raised in a previous petition to this Court and with respect to which he has now exhausted all available state remedies.[1] Accordingly, it is properly before this Court. Petitioner, however, is not entitled to a Federal writ of habeas corpus upon his claim that he was denied due process of law upon allegations that at trial the prosecution misrepresented the backgrounds of two key witnesses by misstating and concealing the facts and by failing to correct "false" testimony. A careful reading of the trial transcript fails to support either claim.

With respect to Julia Camberdella, a barmaid, the prosecutor, in his opening remarks and in summation, told the jury that she had never been convicted of a crime, was not a participant in the robbery charged against petitioner, and had never been "involved in any dispute with the law." The fact is she had never been convicted of a crime and had not been a participant in the robbery; however, she had been committed as a material witness once in 1952 and again in connection with the charges against petitioner. In the latter proceeding the Assistant District Attorney who prosecuted the petitioner had characterized Miss Camber- della as a known associate of notorious and criminal characters. Seizing upon this reference, petitioner contends that upon his trial six months later the prosecutor misstated and concealed from the jury the facts as to her background. Of course, one held as a material witness is not detained on a charge involving moral turpitude, nor does such detention impugn one's integrity. As to the prosecutor's comment upon her character when she was held as a material witness, the fact is that all matters touching upon her credibility were fully explored and disclosed to the jury. She testified as to her detention as a material witness and who her social acquaintances and associates were—among them, the petitioner. The jury had all relevant facts concerning her past, her reputation and her background.

As to John Tumminia, an alleged accomplice who pled guilty and testified for the State, the claims are two-fold. First, petitioner contends that with respect to other holdups which were the subject of pending indictments against Tumminia, although Tumminia admitted he had participated in them, he falsely testified that he had used a penknife and did not remember using a gun; that since those indictments charged the use of a gun the prosecution knew, or should have known, that Tumminia's testimony was false. That the pending indictments so charged was not then, and is not now, proof that in fact Tumminia had used a gun in those holdups or that he had committed perjury when he testified he didn't remember. Accordingly, this first claim fails since there is no basis to support the charge either of the knowing use of false testimony or concealment of material facts with respect thereto.

Petitioner's second contention is that when the prosecutor told the jury

1. After hearings in 1960, the coram nobis court found that "petitioner has failed to meet the standard of proof that any witness had testified falsely against him or that the District Attorney knowingly or willfully suppressed any testimony affecting any substantial rights of the defend- ant at the trial." People v. Rohrlich, 31 Misc.2d 1062, 1067, 223 N.Y.S.2d 680, 685 (Kings County Ct.1962), aff'd without opinion, 21 A.D.2d 856, 252 N.Y.S.2d 280 (2d Dep't), leave to appeal denied (Fuld, J.), Oct. 19, 1964.

Tumminia had no prior record and elicited from him testimony he had never been convicted, he knew that Tumminia had already pled to the crimes charged against petitioner, and that he had previously been convicted of "arson" and "rape." While it is true that in response to a question by the prosecutor Tumminia answered he had never been convicted of a crime, immediately thereafter he was asked had he pled guilty to the crimes for which petitioner was on trial, and he acknowledged that he had. Moreover, he conceded on cross-examination that he had been permitted to plead to robbery unarmed, even though the gun used in the robbery had been carried by him. Clearly there was full disclosure of the facts as to Tumminia's guilty plea; indeed, since no judgment of conviction had yet been entered, his original answer was technically not incorrect.[2] Nor was the truthfulness of that answer belied by petitioner's contention that Tumminia was convicted of "rape" and "arson." The fact is that he was never so convicted. He had been adjudged a Youthful Offender. The underlying facts which led to that adjudication may have been statutory rape or arson, although this does not clearly appear from the papers. In any event, New York law provides that "no youth shall be denominated a criminal by reason of such determination, nor shall such determination be deemed a conviction."[3] This is not to say that a witness previously adjudged a Youthful Offender may falsely be vouched for to a jury as a saint when in fact he is a sinner,[4] but this is not such a case. The jury learned during Tumminia's testimony that he had been given a less than honorable discharge from the Army, that he had not yet been tried for the other stick-ups in which he admitted participation, that he had confessed participation in the crime charged against petitioner, and had been allowed to plead to robbery unarmed notwithstanding his use of a gun. Thus, the jury was well aware of Tumminia's criminal proclivities and that his own interests might well have motivated him to give false or fabricated testimony against petitioner. In these circumstances, and in light of the State's policy of "obliterat[ing] the transgressions which gave rise" to a Youthful Offender adjudication,[5] the fact that the jury was not specifically apprised of Tumminia's youthful derelictions did not deprive petitioner of a fair trial. And even if State policy did not foreclose inquiry, evidence of Tumminia's youthful delinquencies, relevant only to credibility and unrelated to any motive for false testimony or to the crimes charged,[6] would only have been cumulative. Here, "the jury [had ample evidence] with which to determine the credibility of the witness"[7]—an issue which had been explored "ad nauseam."[8]

In sum, the entire record fails to establish either such prejudice to the de-

---

2. See People v. Weinberger, 21 A.D.2d 353, 251 N.Y.S.2d 790 (2d Dep't 1964), aff'd, 15 N.Y.2d 735, 257 N.Y.S.2d 167, 205 N.E.2d 306 (1965) (guilty plea not "conviction" for Multiple Offender Act purposes until sentence is imposed or suspended).

3. N.Y.Code Crim.Proc. § 913–n.

4. A defendant, however, may not in New York be impeached by reference to his having been adjudged a Youthful Offender. People v. Sarra, 283 App.Div. 876, 129 N.Y.S.2d 201 (2d Dep't 1954), aff'd sub nom. People v. Lee, 308 N.Y. 302, 125 N.E.2d 580 (1955). See also,

Matter of Anonymous v. New York City Transit Auth., 4 A.D.2d 953, 167 N.Y.S. 2d 715 (2d Dep't 1957).

5. Matter of Anonymous v. New York City Transit Auth., supra.

6. Compare Napue v. People of State of Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); People v. Savvides, 1 N.Y.2d 554, 154 N.Y.S.2d 885, 136 N.E.2d 853 (1956).

7. United States v. Carminati, 247 F.2d 640, 645 (2d Cir.), cert. denied, 355 U.S. 883, 78 S.Ct. 150, 2 L.Ed.2d 113 (1957).

8. United States v. Raspovich, 241 F.2d 779, 781 (2d Cir. 1957).

fendant or such prosecutorial misconduct as to amount to a deprivation of defendant's right to a fair trial.[9] His petition for habeas corpus is denied.

9. Compare Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (intentional withholding of co-defendant's admission that he, and not defendant, fired the fatal shot); Napue v. People of State of Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959) (failure to correct witness' statement that he had not been promised consideration); Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (1935) (knowing use of perjured testimony); United States ex rel. Meers v. Wilkins, 326 F.2d 135 (2d Cir. 1964) (failure to disclose witnesses whose testimony would have aided defendant); United States v. Consolidated Laundries Corp., 291 F.2d 563 (2d Cir. 1961) (negligent suppression of evidence); People v. Savvides, 1 N.Y.2d 554, 154 N.Y.S.2d 885, 136 N.E.2d 853 (1956) (failure to controvert witness' statement that he had not been offered consideration).