Breitel, J.
On this appeal by defendant from a conviction for grand larceny in the first degree, he raises three alleged trial errors during his cross-examination.
Defendant was tried in 1961 for automobile larceny in 1960. He was not sentenced until 1966 because in the interim he had been a fugitive.
Defendant, who had testified that he had never been in the stolen car, was cross-examined, without objection, about" a prior *251 conviction, arising out of the theft, for driving the stolen automobile without a license. He was also questioned, over general objections, about acts of prior misconduct, one the subject of a youthful offender adjudication, and the other, an assault which had been “terminated” in Youth Part of the Magistrate’s Court of the City of New York.
The questions were either allowable, or, in any event, the present contentions were not preserved by proper objections. The judgment should be affirmed.
On February 20,1960, two policemen pursued a stolen vehicle but momentarily lost sight of it. When the vehicle again came into view, it was abandoned and rolling backward. The police observed the defendant a few feet away, evidently walking from the car. The defendant testified that he had not been in the car and was in the area looking for a prostitute when the driver hurriedly left the car and ran into a nearby building. A friend of defendant offered alibi testimony covering the period up until 20 minutes before the chase began, and the attendant where the car was garaged testified that someone other than defendant had taken the car from the garage that evening. The police testified, however, that they had seen the driver’s face before the arrest when, still in pursuit, they had pulled alongside the stolen vehicle at a red traffic light and ordered the driver to pull over. They identified defendant as the driver. A taxi driver who witnessed the chase and arrest testified that the driver was the man he saw the police arrest, but could make no courtroom identification.
During cross-examination, defendant first denied that he had ever been convicted of a crime. When the conviction for driving without a license was read to him, he admitted to the conviction, and upon a repetition of the question gave a direct affirmative answer. The prosecutor then continued:
“ Q„ Isn’t it true that that conviction was predicated upon your driving this particular 1959 Pontiac? Isn’t that true? Yes or No. A. Yes.
“ Q. Driving that particular 1959 Pontiac on February 20, 1960 [the date of the crime charged] isn’t that true? Yes or No. A. Yes.”
On summation, the prosecutor repeated that the defendant had been convicted of driving without a license ‘1 this particular *252 four-door hardtop, 1959 sedan, without a license. That’s what he was convicted of.” The Judge charged the jury that defendant had admitted that he had been convicted of driving without a license a 1959 Pontiac car on February 20, 1960, but did not explicitly tie the conviction into the issue in this case. As already noted, no objection was made or exception taken to any of this.
The People argue that the cross-examination was proper in light of the defendant’s earlier denial of conviction, and that the facts were elaborated to show defendant’s purposeful evasion. Regardless of whether the cross-examination was intended only to affect defendant’s credibility, the prosecutor pointedly established that despite defendant’s contention that he had never been in the stolen car, he had, in fact, been convicted of driving the same car without a license. This was an essential element of the People’s case, if properly admitted, and was, therefore, necessarily prejudicial, if improperly received. (See People v. Rosenfeld, 11 N Y 2d 290, and People v. Cioffi, 1 N Y 2d 70, where it was held error to refer to the suspension from the force of a defendant, a police officer, for the crimes for which he was then being tried.)
The failure of defendant to object to the questions or the summation, or to take exception to the charge, however, requires affirmance (People v. Di Piazza, 24 N Y 2d 342, 352; People v. Lamm, 292 N. Y. 224, 230; Richardson Evidence [9th ed.], § 542; 1 Wigmore, Evidence [3d ed.], § 18, pp. 321-323).
Defendant argues that other cross-examination, to which he interposed the general objection of “ incompetent, irrelevant, and immaterial ” was also improper. In one, defendant was questioned about whether in 1955, at the age of 15, he had in his possession two forged automobile licenses, In the other, he was questioned about an assault on a police officer in 1956. In neither instance was there any reference to, or attempt to show, a criminal or other adjudication. Defendant contends, however, that the questioning was improper, because the forged licenses incident resulted in a youthful offender adjudication, and the assault incident was “ terminated ” in Youth Part of Magistrate’s Court. It is argued that the acts underlying a youthful offender adjudication may not be used to impeach a *253 witness, and that the “ termination ” of criminal charges arising out of either incident constitutes or is equivalent to an acquittal, so that the underlying misconduct may not be raised for impeachment of credibility.
The arguments of defendant should be rejected on the merits. The otherwise unexplained 1 ‘ termination 5 ’ of the assault charge is not an acquittal, which bars cross-examination of the underlying acts (see People v. Santiago, 15 N Y 2d 640). Nor is a “ termination ” necessarily tantamount to an acquittal, as is, for example, the dismissal of a case at the close of the prosecution’s case (see People v. Schwartzman, 24 N Y 2d 241, 250). Moreover, there has been no showing that the questioning was not in good faith (cf. People v. Schwartzman, supra, at pp. 250-251). The cross-examination as to the assault was, therefore, proper.
Finally, defendant argues that cross-examination as to the possession of forged licenses was improper, because defendant was adjudicated a youthful offender for this possession. He cites People v. McCarthy (283 App. Div. 876, affd. sub. nom. People v. Lee, 308 N. Y. 302) for the proposition that a youthful offender adjudication cannot be used to impeach a witness. He also argues that since an underlying indictment or information is considered a nullity upon youthful offender adjudication (Code Grim. Pro., § 913-j) there has been an acquittal of any criminal charge so that no question may be asked about the underlying acts.
Under section 913-n of the Code, upon adjudication as a youthful offender, 1 ‘ no youth shall be denominated a criminal by reason of such determination, nor shall such determination be deemed a conviction.” (See, also, Code Crim. Pro., § 913-j.) While these sections may bar use of the adjudication per se to impeach, they do not effect an acquittal of the criminal charge or preclude cross-examination based on the underlying immoral act. True, section 913-i of the Code bars the use against a defendant of statements, admissions or confessions made in the youthful offender proceedings, but it does not bar the use of out-of-court evidence for purposes of impeachment in a subsequent independent criminal proceeding. Moreover, the court has previously held that the underlying illegal and immoral acts may be used to impeach a witness although these acts supported *254 a prior youthful offender adjudication (People v. Hurst, 10 N Y 2d 939, affg. 13 A D 2d 821).
There is, moreover, a serious question whether the general objections were sufficient to preserve these issues in the Court of Appeals.
A general objection, in the usual course, is to no avail when overruled if not followed by a specific objection directing the court, and the adversary, to the particular infirmity of the evidence (Bergmann v. Jones, 94 N. Y. 51, 58; 1 Wigmore, op. cit., supra, § 18, p. 332). To this there is the general exception, that if the proffered evidence is inherently incompetent, that is, there appears, without more, no purpose whatever for which it could have been admissible, then a general objection, though overruled, will, be deemed to be sufficient (1 Wigmore, op. cit., supra, p. 336; Bergmann v. Jones, supra; Richardson, op. cit., supra, § 543).
If the defendant were correct in his legal assertions, then the offending questions were inadmissible, presumably for any purpose, including impeachment. x
The function of the specific objection is not only to cure formal defects. The requirement of the specific objection is also intended to serve and .serves judicial economy by eliminating the. need for new trials where a proper objection would have alerted the Judge or even elicited a concession from opposing counsel by withdrawal of the offending matter (cf. Turner v. City of Newburgh, 109 N. Y. 301, 308; Ward v. Kilpatrick 85 N. Y. 413, 417; Fountam v. Pettee, 38 N. Y. 184). Hence, the additional factor required to support a general objection without a following specification, is that it appear from the record that the offending material is inadmissible and that nothing could cure the inadmissibility.
In this case, no objection was made, based necessarily on subsequent judicial treatment of the prior misconduct. Most important, the record does not show that the subsequent judicial history was presented to or before the court or called to its attention. To sustain the objection on theories and extrinsic facts about which the trial court presumably knew nothing would be. to give effect to a general objection which under no *255 circumstance could alert a court to the possibility that improper evidence was being admitted.
Accordingly, the judgment of conviction should be affirmed.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Jasen and Gibson concur.
Judgment affirmed.