[833 NE2d 695, 800 NYS2d 360]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v NORRIS WILLIAMS, Respondent.

Argued April 28, 2005; decided June 9, 2005

### APPEARANCES OF COUNSEL

*Robert M. Morgenthau, District Attorney*, New York City (*Madeleine Guilmain* and *Mark Dwyer* of counsel), for appellant.

*Center for Appellate Litigation*, New York City (*Robert S. Dean* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

Defendant allegedly sold two glassine envelopes of heroin to an undercover police officer during a buy-and-bust operation. The operation involved three officers—one undercover officer who purchased drugs from defendant, one undercover officer who observed the sale (the "ghost") and an arresting officer, who did not see the drug exchange. At trial, the People presented only two witnesses. The arresting officer acknowledged that he had not seen the drug sale, nor had he seen defendant before arresting him. The purchasing officer testified that the

individual from whom he bought drugs was wearing a distinctive blue and white flowered hat, but no such hat was inventoried, nor was it in defendant's arrest photograph. Further, the police recovered neither prerecorded buy money nor any drug stash from defendant. Despite his alleged presence at the crime scene, the ghost officer did not testify.

At the charge conference, defendant requested that a portion of the judge's proposed charge instructing jurors not to speculate about what evidence could have been presented not be given to the jury. According to defense counsel, such an instruction would "conflict with the concept that [the jurors are] to consider evidence or *lack of evidence*" (emphasis added). Agreeing that the instruction "might mislead the jury," the trial judge told the parties that he would not give it.

In his summation, defense counsel argued that the People's case was "skeletal," pointing to the prosecution's failure to introduce any evidence to corroborate the testimony of the single identifying witness—no prerecorded buy money, no blue and white flowered hat, no photograph of the defendant wearing the hat and, despite the alleged presence of the ghost officer at the time of the drug sale, no testimony from that second undercover. After summations, and despite his earlier ruling, the judge gave the charge to which defense counsel had objected, telling the jurors that they were not to "speculate on the whereabouts of people whose names are mentioned as having been at the alleged scene of the crime who were not called as witnesses. No one is required to come to court and testify. Don't speculate on their non-appearance, or what they might have said if they would have come."

We agree with the Appellate Division majority that, in the context of this case, the instruction was error, "given that the central theme of the defense at trial was that the one-witness identification was entirely uncorroborated and therefore unreliable, the effect of the court's charge was essentially to instruct the jury not to consider the defense" (10 AD3d 213, 217 [1st Dept 2004]).

A defendant not necessarily entitled to a missing witness charge may nonetheless try to persuade the jury to draw inferences from the People's failure to call an available witness with material, noncumulative information about the case (*People v Tankleff*, 84 NY2d 992, 994-995 [1994]). Defendant was entitled to argue that the jurors should consider the People's failure to call the ghost officer to corroborate the single-witness identifica-

tion in support of his defense that the People's evidence was uncorroborated and "skeletal." For the trial court to charge the jury both that it may not consider the absence of uncalled witnesses who were mentioned as being present at the alleged crime scene effectively deprived defendant of the force of his defense and may have misled the jurors to believe that they were not permitted to draw any inferences from the absence of the ghost officer at trial. On this record, we cannot say the error was harmless (*see People v Kello*, 96 NY2d 740 [2001]).

Defendant additionally argues that the trial court's sua sponte decision to allow the undercover officer to testify anonymously—despite the prosecutor's statement that she was not making such a request—was reversible error. In light of our decision as to the jury instruction, we need not reach this issue.

R.S. SMITH, J. (concurring). I cannot agree that Supreme Court's charge was flawed. The court instructed the jury to "decide this case solely on the basis of the evidence or lack of evidence actually presented to you in this courtroom, which you actually saw and heard in this courtroom." The court added: "Do not speculate on the whereabouts of people whose names are mentioned as having been at the alleged scene of the crime who were not called as witnesses. No one is required to come to court and testify. Don't speculate on their non-appearance, or what they might have said if they would have come." These were straightforward "do not speculate" instructions, neither wrong in themselves nor likely to mislead the jury in the context of this case. Defendant's counsel, in his summation, barely mentioned the failure of the "ghost" officer to testify, and a reasonable jury would not have understood the court's instructions as an order to disregard counsel's argument.

Since I disagree with the majority on this issue, I reach, as the majority does not, the alternative ground defendant offers to support the Appellate Division's reversal of his conviction. This alternative argument is based on Supreme Court's ruling that the undercover officer who allegedly bought heroin from defendant could testify anonymously. The ruling was made during a colloquy that began when the prosecutor said she would not ask that the courtroom be closed pursuant to *People v Hinton* (31 NY2d 71 [1972]). The colloquy continued:

> "MS. WILLIAMS [the prosecutor]: So, my detective will be using his name.
>
> "THE COURT: He will. Okay.

"MS. WILLIAMS: I'm asking if the Court—

"THE COURT: If he wants to; he doesn't have to. He can use his number, if you'd rather go by number. That's fine with me.

"MS. WILLIAMS: Okay.

"MR. VERCHICK [defense counsel]: Well, I will object.

"THE COURT: Over the Defense's objection, he cannot state his name. I think that's reasonable."

This ruling clearly violated defendant's right of confrontation under our decision in *People v Stanard* (42 NY2d 74 [1977]). We held in *Stanard* that a witness may be permitted to remain anonymous only where the prosecution makes "some showing of why the witness should be excused from answering" a question related to his identity. We said that "[e]xcuse may arise from a showing that the question will harass, annoy, humiliate or endanger the witness" (*id.* at 84). Even upon such a showing, anonymity is not granted automatically; the defendant is entitled to show "the materiality of the requested information to the issue of guilt or innocence," and "the court must engage in a balancing process which compares the rights of the defendant to cross-examination . . . with the interest of the witness in retaining some degree of anonymity" (*id.*). Here, Supreme Court conferred anonymity on the witness sua sponte, although the prosecutor offered to have the witness use his name and did not try to make the showing *Stanard* requires.

The People's only argument on this branch of the case is that defense counsel's statement "I will object" was not specific enough to preserve the *Stanard* issue for review. But while we have at times required a more specific objection for preservation purposes (*e.g., People v West*, 56 NY2d 662 [1982]), we have never held that a simple "I object" is always insufficient. Here, where the error was egregious, and where the basis for defendant's protest should have been obvious, the general objection fulfilled the purpose of the preservation requirement by alerting the trial judge to the error and giving him a chance to avoid it (*cf. People v Vidal*, 26 NY2d 249, 254 [1970]; *People v Payne*, 3 NY3d 266, 273 [2004] ["We decline to . . . elevate preservation to a formality that would bar an appeal even though the trial court . . . had a full opportunity to review the issue in question"]).

Accordingly, I would affirm the Appellate Division's order on the ground that Supreme Court erred in allowing the undercover officer to testify anonymously.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSEN-BLATT, GRAFFEO and READ concur; Judge R.S. SMITH concurs in result in an opinion.

Order affirmed in a memorandum.