■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEXTER ROMAN, Appellant. [974 NYS2d 381]—

Judgment, Supreme Court, Bronx County (Michael R. Sonberg, J.), rendered January 5, 2009, convicting defendant, after a jury trial, of two counts of murder in the second degree, and sentencing him to consecutive terms of 25 years to life, unanimously affirmed.

The verdict convicting defendant of two murders, committed on separate dates, was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). As to each crime, there is no basis for disturbing the jury's credibility determinations, including its evaluation of such matters as inconsistencies in testimony, motives to falsify, and witnesses' delay in revealing information.

By failing to object, or by failing to request further relief after the court sustained objections, delivered limiting instructions or took other curative actions, defendant failed to preserve his claims that the People improperly elicited hearsay testimony and highlighted this testimony during summation, and we decline to review them in the interest of justice. As an alternative holding, we find that the court's curative actions during testimony were sufficient to prevent any prejudice (*see generally People v Davis*, 58 NY2d 1102 [1983]), and that the challenged summation remarks accurately portrayed the testimony of the witnesses and were responsive to defense counsel's summation (*see generally People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). We likewise decline to review defendant's unpreserved constitutional claim, and in the alternative we reject it because the evidence at issue was not testimonial for purposes of the Confrontation Clause.

The court's charge on reasonable doubt conveyed the proper constitutional standards, was sufficiently balanced, and did not undermine defendant's defense (*see e.g. People v Jiovani*, 258 AD2d 277 [1st Dept 1999], *lv denied* 93 NY2d 900 [1999];

*compare People v Williams*, 5 NY3d 732 [2005]). Furthermore, the language challenged by defendant was generally similar to the pattern instruction (CJI2d[NY] Presumption of Innocence, Burden of Proof, Proof Beyond a Reasonable Doubt), which likewise cautions against speculation while instructing that reasonable doubt may result from a lack of convincing evidence. The court properly exercised its discretion in declining to deliver an expanded charge on eyewitness identification (*see People v Knight*, 87 NY2d 873 [1995]; *People v Whalen*, 59 NY2d 273, 279 [1983]), particularly since all the witnesses were defendant's acquaintances. Defendant's remaining claims regarding the court's final jury instructions are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not fully explained by the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of his claim may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Counsel's failure to make additional objections did not deprive defendant of effective assistance (*compare People v Cass*, 18 NY3d 553, 564 [2012], *with People v Fisher*, 18 NY3d 964 [2012]). Defendant has not shown that counsel's failure to make these objections fell below an objective standard of reasonableness, that raising these issues would have resulted in favorable rulings from the trial court or on this appeal, or that, viewed individually or collectively, the alleged deficiencies deprived defendant of a fair trial or affected the outcome of the case.

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Acosta, Saxe, Richter and Feinman, JJ.