People v Joseph (2019 NY Slip Op 01231)





People v Joseph


2019 NY Slip Op 01231


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
BETSY BARROS, JJ.


2015-10384
 (Ind. No. 5002/14)

[*1]The People of the State of New York, respondent,
v
Kethlie Joseph, appellant.


Mischel & Horn, P.C., New York, N.Y. (Richard E. Mischel of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Nikki Kowalski and Matthew B. Keller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (John B. Collins, J.), rendered October 28, 2015, convicting her of criminally negligent homicide and wilful violation of the Public Health Law, upon a jury verdict, and sentencing her to a term of incarceration of 9 months on the conviction of criminally negligent homicide, and a term of incarceration of 30 days and a period of probation of 3 years on the conviction of wilful violation of the Public Health Law, both sentences to run concurrently.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by deleting the period of probation of 3 years from the sentence imposed on the conviction of wilful violation of the Public Health Law; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50(5).
In the early morning hours of October 26, 2012, one of the residents at the Medford Multicare Center for Living, a nursing home, died. The prosecution presented evidence at a jury trial that the defendant, a respiratory therapist at the nursing home, did not follow a physician's order to place the resident on a ventilator while the resident was in bed, and that the defendant, along with other staff members, including her codefendants, ignored approximately two hours of visual and audible alarms signaling that the resident was in respiratory distress. After trial, the defendant was convicted of criminally negligent homicide and wilful violation of the Public Health Law for failure to report.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that the evidence was legally sufficient to establish beyond a reasonable doubt the defendant's guilt of criminally negligent homicide and wilful violation of the Public Health Law (see Penal Law § 125.10; Public Health Law § 2803-d[1], [3], [7]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see [*2]People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt as to criminally negligent homicide and wilful violation of the Public Health Law was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
We agree with the Supreme Court's determination to deny the defendant's request for a missing witness charge with respect to the one-to-one aide assigned to the resident on the night she died. The defendant failed to show that the aide was available and under the control of the prosecution, had material knowledge, and would be able to provide noncumulative testimony (see People v Edwards, 14 NY3d 733, 735; People v Locenitt, 157 AD3d 905, 907). In any event, defense counsel was permitted to comment during summation on the prosecution's failure to call the witness in question (see People v Williams, 5 NY3d 732, 734; People v Barber, 133 AD3d 868, 870).
Under the circumstances, the sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit.
AUSTIN, J.P., ROMAN, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court